**EXHIBIT 20**

**Case No. 1:26-cv-02185-BAH**

# The Senate parliamentarian could block some of Trump's agenda — and be a scapegoat for Republicans

## Senate Majority Leader John Thune says he'll follow the parliamentarian's rulings, but he'll be pressured not to



U.S. Senate Minority Whip John Thune (R-SD) (C) speaks alongside Sen. John Barrasso (R-WY) (L) and Sen. Shelley Moore Capito (R-WV) (R) during a news conference following the weekly Senate Republican policy luncheon at the U.S. Capitol on December 10, 2024 in Washington, DC. (Kevin Dietsch/Getty Images)



As Republicans make plans for how to get President-elect Donald Trump's one "big beautiful bill" through Congress, both the political and procedural challenges of enacting an agenda through budget reconciliation are coming into focus.

As it stands, congressional Republicans are debating whether to pursue a one or two-bill strategy for Trump's agenda. The president-elect has said he prefers one bill — addressing border policy, energy policy, manufacturing and taxes— but recently told conservative radio host Hugh Hewitt that he will "do whatever needs to be done to get it passed." Senate Republicans have indicated that they might favor a two-bill approach.

Either way, the Republican legislative agenda rests on budget reconciliation in the Senate, a process designed to allow the upper chamber to bypass the normal 60-vote threshold for passing legislation, instead allowing it to pass a budget with a simple 51-seat majority. Given the incoming GOP majority will only control 53 seats, this will be the main vehicle for passing major legislation without Democratic support in a closely divided Senate.

The GOP's slim margin has thrust the byzantine rules around budget reconciliation to the forefront of political discussion once again. The bill that created the budget reconciliation process, the Congressional Budget Act of 1974, requires that reconciliation measures concern themselves with taxation, spending or the debt limit; they are not supposed to include provisions that do not impact either spending or revenue.

This later point is known as the Byrd Rule, named for the late Sen. Robert Byrd, D-W.V. **It** was formally adopted in the Congressional Budget Act of 1990 in order to prevent reconciliation bills from being packed with measures that are unrelated or, in the act's words, "merely incidental" to the budget.

According to Richard Kogan, who served as a senior adviser at the Office of Management and Budget in President Barack Obama's first term, the application of the Byrd Rule comes down to the interpretation of the phrase "merely incidental" by the Senate parliamentarian.

"What does 'merely incidental' mean? What we have discovered is that 'merely incidental' does not mean 'really small,'" Kogan told Salon. "Senate parliamentarians are put in an impossible position because 'merely incidental' is inherently a judgment call."

The current Senate parliamentarian, Elizabeth MacDonough, ruled in 2021 that a provision to raise the federal minimum wage to $15 an hour couldn't be passed via reconciliation, despite

the fact that such a change would have dramatic effects on the federal budget.

The rules of budget reconciliation are also why the Inflation Reduction Act made liberal use of tax incentives to enact climate policy: that was what was available through reconciliation. Republicans will face a similar, roundabout procedural challenge in enacting their own agenda.

In other areas, like the question of the debt limit, MacDonough and other parliamentarians have acted more as literalists, according to Kogan. For example, MacDonough has said that the debt limit can be raised via reconciliation, but cannot be suspended because the 1974 Budget Act does not specifically mention suspending the debt limit but does mention raising it. The other issue facing Republicans are the rules around what can and cannot be included in a reconciliation bill according to a Senate rule known as the Byrd Rule, which the parliamentarian is in charge of interpreting for the purposes of making recommendations.

The Byrd Rules are not actually enforced by the parliamentarian but rather enforced by the presiding officer of the Senate, which is either the president of the Senate or the president *pro tempore* of the Senate. That means either Vice President-elect JD Vance or Sen. Chuck Grassley, R-Iowa, will be in charge of enforcement.

Seth Barrett Tillman, a professor at Maynooth University School of Law and Criminology and expert on the legislative process, told Salon that this gets to a deeper issue of whether or not Republicans plan to respect what are called "entrenched" rules in the Senate.

"The issue is how entrenched are the rules and how willing are the Republicans to change those rules?" Tillman said. "I don't think the Republicans really want to start this Congress breaking well-pedigreed rules, but maybe they do."

Though it has never happened before, there is in practical terms nothing stopping the presiding officer of the Senate from ignoring the recommendations of the parliamentarian, or preventing a majority of senators from voting to overturn a parliamentarian's ruling. This issue also came up in the 2021 minimum wage fight, when Vice President Kamala Harris and the Democratic Senate were pressured to overrule the parliamentarian to raise the minimum wage.

Tillman said that while there may not be a legal cost to breaking precedent in the Senate, there may be a political cost in that "it makes them look like people that don't follow rules." At the same time, he noted, there could be a benefit to a dogged pursuit of policy goals, especially because "some people don't think these rules are binding anyways."

Also, while simply ignoring the parliamentarian would be a dramatic step, Republicans have ousted a parliamentarian before, most recently after former parliamentarian Robert Dove issued a series of rulings that obstructed portions of former President George W. Bush's tax cuts in 2001.

At the time, The Washington Post reported that Democrats complained that rulings from Dove — who was first appointed by Republicans in 1981, dismissed by Democrats in 1987 and reappointed by Republicans in 1995 — tended to lean towards the GOP. While

3

MacDonough has served during both Republican and Democratic majorities, she was first appointed to her position under the late Sen. Harry Reid's, D-Nev., leadership.

For Senate Majority Leader John Thune's, R-N.D., part, he has already signaled that he intends to heed the advice of the parliamentarian, telling Punchbowl News that overruling the parliamentarian is "akin to killing the filibuster."

"We can't go there," Thune said. "People need to understand that."

While Thune has said he plans on respecting the opinion of the parliamentarian, his comments on the topic appear to demonstrate that he is expecting pressure on the issue, whether it be from inside the Senate or from the White House.

Molly Reynolds, a senior fellow at the Brookings Institution, told Salon that, as she sees it, the parliamentarian is also a convenient person for senators to scapegoat if and when they might not want to take a particular vote. Reynolds said that the Senate procedures are very "really important" and do constrain the sorts of things that are supposed to be allowed in a reconciliation bill. However, she also cautioned discussing procedure "abstracted" from the actual bills being considered, because senators have often leaned on procedural hurdles as an excuse for doing or not doing something according to their own preferences.

"Why have senators listened to the parliamentarian in the way they have for so long? It can be very useful for senators to blame the parliamentarian for saying no to something that they don't want to vote for in the first place," Reynolds said.

*CORRECTION: An earlier version of this article incorrectly referred to John Thune as president pro tempore of the U.S. Senate. The current office holder is Chuck Grassley.*

■