**EXHIBIT 24**

**Case No. 1:26-cv-02185-BAH**

Nos. 25-881 and 25-1481

---

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

OUTDOOR POWER EQUIPMENT INSTITUTE, et al.,
*Petitioners*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,
*Respondents*.

---

On Petition for Review of Notice of Decision
of the U.S. Environmental Protection Agency

---

**EPA'S MOTION FOR AN EXTENSION OF THE DEADLINE
TO FILE THE ANSWERING BRIEF, OR, IN THE ALTERNATIVE,
TO HOLD THIS CASE IN ABEYANCE**

---

1. EPA respectfully requests that the Court extend the answering-brief deadline by 60 days, or, in the alternative, to hold this case in abeyance for 60 days. Petitioners do not oppose. Intervenor California takes no position on this motion and reserves its right to respond. Intervenors American Lung Association and Coalition for Clean Air reserve their right to respond.

2. The Court may grant a motion for an extension of time upon a showing of good cause. Fed. R. App. P. 26(b). "'Good cause' is a non-rigorous

1

standard that has been construed broadly across procedural and statutory contexts."

*Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

3. These consolidated petitions challenge EPA's action, "California State Nonroad Engine Pollution Control Standards; Small Off-Road Engines Regulations; Notice of Decision," 90 Fed. Reg. 640 (Jan. 6, 2025).

4. After petitioners filed suit in these consolidated cases, EPA sought and obtained time-limited abeyances for the new administration to consider the action under review, as well as petitioner Outdoor Power Equipment Institute's ("OPEI") petition for reconsideration. *See* Dkt. Nos. 9, 18, 25, 30. After OPEI filed a motion to stay the EPA's action pending review, EPA sought to extend the abeyance. *See* Dkt. Nos. 28 (OPEI's motion for stay of action pending review), 42 (EPA's motion for abeyance). This Court denied both motions and set a briefing schedule.

5. Petitioners filed their opening brief on February 3, 2026, after a 90-day extension of their briefing deadline. *See* Dkt. Nos. 47, 50. EPA's answering brief is due on May 21, after two extensions totaling 75 days. *See* Dkt. Nos. 68, 69, 78. 79.

6. After carefully reviewing the opening brief, EPA is currently considering taking action that could obviate the need for further litigation here.

7. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). An

abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis v. N. Am. Co.*, 299 US. 248, 256 (1936).

8. An extension of time to file the answering brief or, in the alternative, an abeyance is warranted here because it would preserve resources of the parties and the Court. Good cause thus exists for the request. *See Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

9. For these reasons, EPA respectfully requests that the Court extend the answering-brief deadline by 60 days, or, in the alternative, to hold this case in abeyance for 60 days.

Respectfully submitted,

ADAM R.F. GUSTAFSON
 *Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
 *Deputy Assistant Attorney General*

/s/ *Jeffrey Hughes*
JEFFREY HUGHES
Environment and Natural Resources Division
U.S. Department of Justice
May 14, 2026                         Post Office Box 7411
Washington, D.C. 20044
(202) 532-3080
jeffrey.hughes@usdoj.gov

*Counsel for EPA*

4

## DECLARATION OF COUNSEL
## IN SUPPORT OF UNOPPOSED MOTION FOR EXTENSION OF TIME

I, Jeffrey Hughes, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney in the Environmental Defense Section, Environment and Natural Resources Division, U.S. Department of Justice. I am lead counsel for EPA in this appeal, and I am principally responsible for preparing the EPA's answering brief.

2. Under the current briefing schedule, EPA's answering brief is due May 21, 2026. If EPA's request for relief were granted, the answering brief would be due July 20, 2026.

3. EPA's brief was originally due March 5, 2026. The Court granted EPA's streamlined request for an extension of time to file the answering brief on February 10, 2026.

4. On March 26, 2026, EPA filed a motion for a 45-day extension of time to file its answering brief from April 6 (after the streamlined request for an extension of time) to May 21, 2026. *See* Dkt. Nos. 78, 79.

5. EPA is currently considering taking action that could obviate the need for further litigation here. Therefore, an extension of time to file the brief would preserve the resources of the Court and the parties.

6. I consulted counsel for the other parties. Petitioners do not oppose. Intervenor California takes no position on this motion and reserves its right to

1

respond. Intervenors American Lung Association and Coalition for Clean Air reserve their right to respond.

7. The court reporter is not in default with regard to any designated transcripts.

8. For these reasons, EPA respectfully requests that the Court extend the deadline to file the answering brief by 60 days to July 20, 2026 or, in the alternative, to hold this case in abeyance for 60 days.

I declare under penalty of perjury that the foregoing is true and correct.

Executed May 14, 2026

> /s/ *Jeffrey Hughes*
> JEFFREY HUGHES
> Environment and Natural Resources Division
> U.S. Department of Justice
> Post Office Box 7411
> Washington, D.C. 20044
> (202) 532-3080
> jeffrey.hughes@usdoj.gov
>
> *Counsel for EPA*

2

## CERTIFICATE OF COMPLIANCE

EPA's motion complies with Rule 27(d) of the Federal Rules of Appellate Procedure as the motion contains 443 words according to the count of Microsoft Word and has been prepared in a proportionally spaced typeface using Times New Roman 14-point font.

/s/ *Jeffrey Hughes*
JEFFREY HUGHES
*Counsel for EPA*

1