**EXHIBIT 25**

**Case No. 1:26-cv-02185-BAH**

ORAL ARGUMENT HELD ON SEPTEMBER 15, 2023

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| State of Ohio, et al.,<br><br>              Petitioners,<br><br>    v.<br><br>U.S. Environmental Protection Agency and Lee Zeldin, in his capacity as Administrator,<br><br>              Respondents. | No. 22-1081 and consolidated cases |

**EPA's Motion for Abeyance**

EPA moves to extend abeyance here for 90 days.  State and Industry Petitioners consent.  State and Local Intervenors, and NGO Intervenors do not oppose the relief requested.  Intervenors American Honda Motor Company and BMW of North America LLC, do not oppose.  Energy Intervenors, Intervenor National Coalition for Advanced Transportation, and Intervenor Ford Motor Company take no position.  Intervenors Volkswagen Group of America and Volvo Car USA LLC did not respond with their positions.

At dispute here is EPA's action, "California State Motor Vehicle Pollution Control Standards; Advanced Clean Car Program; Reconsideration of a

1

Previous Withdrawal of a Waiver of Preemption; Notice of Decision," 87 Fed. Reg. 14332 (Mar. 14, 2022).  After merits briefing and argument, this Court issued its opinion.  *Ohio v. EPA*, 98 F.4th 288 (D.C. Cir. 2024).  Industry Petitioners successfully petitioned for certiorari on the question of standing and the Supreme Court reversed this Court's judgment and remanded the case for further proceedings.  *Diamond Alternative Energy, LLC v. EPA*, 606 U.S. 100 (2025).  At EPA's request, the Court put these cases in abeyance.  Per Curiam Order (Dec. 15, 2025) (ordering motions to govern by today).

EPA is reviewing the challenged action and considering its next steps.  The Court should keep these cases in abeyance for another 90 days while the agency does so.[1,2]

This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

Abeyance is warranted here.  For one thing, courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See,*

---

[1] EPA may request further extensions if necessary.

[2] On March 12, 2026, the United States filed suit in *United States v. Calif. Air Resources Board*, Case No. 2:26-450 (E.D. Cal.), alleging that certain state regulations (including those covered by the disputed waiver) are preempted by the Constitution and the Energy Policy and Conservation Act.

*e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29,

42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever

[and] an agency must be given ample latitude to adapt their rules and policies

to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d

1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of

which policy would be better in light of the facts" is "well within" its discretion

and that a change in administration is a "perfectly reasonable basis for an executive

agency's reappraisal of the costs and benefits of its programs and regulations"

(internal quotation marks omitted)).

Courts routinely grant stays or abeyance in similar circumstances. *See, e.g.*,

Order, (Doc. Nos. 2126236, 2116832),[3] *North Dakota v. EPA*, No. 24-1119 (D.C.

Cir. July 18, 2025); Order, (Doc. Nos. 2113035, 2111915), *West Virginia v. EPA*,

No. 24-1120 (D.C. Cir. Apr. 25, 2025).

Abeyance would also preserve resources of the parties and the Court.  It is

possible that after its review, EPA could take further action that may obviate the

need for judicial resolution of some or all of the disputed issues.  Good cause thus

exists for the requested abeyance.  *See Anchor Line Ltd. v. Fed. Maritime Comm'n*,

299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its

---

[3] In this and the following citations, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

action, it should move the court to remand or to hold the case in abeyance pending

reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th

55, 71-71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties

identify developments that are likely to render judicial resolution unnecessary").

EPA thus asks to extend abeyance for 90 days, with motions to govern due

at the end of that period.

Submitted on March 16, 2026.

*/s/ Sue Chen*

Sue Chen
U.S. Department of Justice
Environment & Natural Resources
Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-5334
Sue.Chen@usdoj.gov

**Certificates of Service and Compliance**

I certify that this filing complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this motion complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 677 words, excluding the parts exempted under Fed. R. App. P. 32(f).

Finally, I certify that on March 16, 2026, I filed the foregoing with the Court's CMS/ECF system, which will notify each represented party.

_____/s/ Sue Chen_____

Sue Chen