**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>       *Plaintiff,*<br><br>   v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *and* LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency,<br><br><br>       *Defendants.* | Case No. 1:26-cv-02185-BAH |

**PLAINTIFF STATE OF CALIFORNIA'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
OR STAY UNDER 5 U.S.C. § 705**

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff respectfully requests that the Court take judicial notice of the following:

1.      The existence and contents of excerpts of the California Air Resources Board (CARB) document titled *2022 State Strategy for the State Implementation Plan*, a true and correct copy of which is attached as Exhibit 1 to the Declaration of M. Elaine Meckenstock.

2.      The existence and contents of excerpts of the CARB document titled *Revised Proposed 2016 State Strategy for the State Implementation Plan*, a true and correct copy of which is attached as Exhibit 2 to the Declaration of M. Elaine Meckenstock.

3.      The existence and contents of Congressional Research Service (CRS) Report No.

1

R45248, titled *The Congressional Review Act: Determining Which "Rules" Must Be Submitted to Congress*, a true and correct copy of which is attached as Exhibit 3 to the Declaration of M. Elaine Meckenstock.

4.      The existence and contents of the decision issued on November 30, 2023, by the Government Accountability Office (GAO) at Document No. B-334309, on the matter *Environmental Protection Agency—Applicability of the Congressional Review Act to Notice of Decision on Clean Air Act Waiver of Preemption*, a true and correct copy of which is attached as Exhibit 4 to the Declaration of M. Elaine Meckenstock.

5.      The existence of U.S. Senator Mike Lee's one-pager webpage regarding the Stop CARB Act and the fact that the one-pager contains the statements made therein, a true and correct copy of which is attached as Exhibit 5 to the Declaration of M. Elaine Meckenstock.

6.      The fact that a bill introduced in September 2024 by Senator Mike Lee to repeal the Clean Air Act's waiver provision, 42 U.S.C. § 7543(b), had five co-sponsors. *See S.5038 – Stop CARB Act of 2024*, Congress.gov, https://www.congress.gov/bill/118th-congress/senate-bill/5038/cosponsors (last visited June 1, 2026).

7.      The existence of a press release by U.S. Representative Troy E. Nehls dated September 12, 2024 and the fact that the press release contains the statements made therein, a true and correct copy of which is attached as Exhibit 6 to the Declaration of M. Elaine Meckenstock.

8.      The fact that a companion bill to the one referenced in paragraph 7 introduced by House Representative Troy Nehls had nine co-sponsors. *H.R. 9574 – Stop CARB Act of 2024*, Congress.gov, https://www.congress.gov/bill/118th-congress/house-bill/9574/cosponsors (last visited June 1, 2026).

9.      The existence and contents of the press release by EPA dated February 14, 2025, titled *Trump EPA to Transmit California Waivers to Congress in Accordance with Statutory Reporting Requirements*, a true and correct copy of which is attached as Exhibit 7 to the Declaration of M. Elaine Meckenstock.

10.     The existence and contents of Boyden Gray PLLC's webpage regarding a Wall

Street Journal op-ed written by Boyden Gray Partners Michael Buschbacher and James Conde, a true and correct copy of which is attached as Exhibit 8 to the Declaration of M. Elaine Meckenstock.

12. The existence and contents of Boyden Gray PLLC's webpage, "Congress Acts on Boyden Gray Idea to Repeal the EV Mandate," written by Boyden Gray Staff and dated May 22, 2025, a true and correct copy of which is attached as Exhibit 9 to the Declaration of M. Elaine Meckenstock.

12. The existence and contents of the decision issued on May 6, 2025, by the GAO at Document No. B-337179, on the matter *Observations Regarding the Environmental Protection Agency's Submission of Notices of Decision on Clean Air Act Preemption Waivers as Rules Under the Congressional Review Act*, a true and correct copy of which is attached as Exhibit 10 to the Declaration of M. Elaine Meckenstock.

13. The existence and contents of EPA transmissions EC00439, EC00440, and EC00441 to the President of the U.S. Senate dated February 19, 2025, attached as Exhibit F to the Petition for Review in *California v. EPA*, Case No. 25-5071 (9th Cir. filed Aug. 11, 2025), Dkt. 7, a true and correct copy of which is attached as Exhibit 11 to the Declaration of M. Elaine Meckenstock.

14. The existence and contents of the report updated on November 12, 2021, by CRS at Report No. R43992, titled *The Congressional Review Act (CRA): Frequently Asked Questions*, a true and correct copy of which is attached as Exhibit 12 to the Declaration of M. Elaine Meckenstock.

15. The existence and contents of the New York Times article titled *Republican Plan to Kill California's E.V. Policies Hits Senate Snag* by Lisa Friedman, published on April 4, 2025, a true and correct copy of which is attached as Exhibit 13 to the Declaration of M. Elaine Meckenstock.

16. The existence and contents of a press release by U.S. Senator Alex Padilla dated April 4, 2025, a true and correct copy of which is attached as Exhibit 14 to the Declaration of M.

3

Elaine Meckenstock.

17.    The existence and contents of a social media post made on x.com by X user EPW Republicans, handle @EPWGOP, on February 14, 2025, a true and correct copy of which is attached as Exhibit 15 to the Declaration of M. Elaine Meckenstock.

18.    The existence and contents of the Times of San Diego article titled *Republicans in Congress Are Preparing to Break Decades of Precedent to Block Climate Policy* by Anna Kramer, published on February 27, 2025, a true and correct copy of which is attached as Exhibit 16 to the Declaration of M. Elaine Meckenstock.

19.    The existence and contents of the E&E News article titled *House plows ahead with assault on California EPA waivers* by Kelsey Brugger et al., published on April 4, 2025, 2025, a true and correct copy of which is attached as Exhibit 17 to the Declaration of M. Elaine Meckenstock.

20.    The existence and contents of the Politico article titled *There's hope for the waivers still* by Alex Nieves, published on March 20, 2025, a true and correct copy of which is attached as Exhibit 18 to the Declaration of M. Elaine Meckenstock.

21.    The existence and contents of a press release by House Committee on Energy and Commerce, dated April 3, 2025, a true and correct copy of which is attached as Exhibit 19 to the Declaration of M. Elaine Meckenstock.

22.    The existence and contents of a Salon article titled *The Senate Parliamentarian Could Block Some of Trump's Agenda—and Be a Scapegoat for Republicans* by Russell Payne, published on January 9, 2025, a true and correct copy of which is attached as Exhibit 20 to the Declaration of M. Elaine Meckenstock.

23.    The fact that, on June 12, 2025, the President signed H.J. Res. 87, 119th Cong. (2025), https://www.congress.gov/bill/119th-congress/house-joint-resolution/87/all-actions; H.J. Res. 88, 119th Cong. (2025), https://www.congress.gov/bill/119th-congress/house-joint-resolution/88/all-actions; and H.J. Res. 89, 119th Cong. (2025), https://www.congress.gov/bill/119th-congress-house-joint-resolution/89/all-actions.

24.     The fact that, at the June 12, 2025 signing ceremony for these resolutions, the President stated "[I]n a few moments, I'll sign three pieces of legislation that will kill, totally kill [California's regulations], can't do anything about it; they can't take us to court." *President Trump Participates in a Bill Signing Ceremony, June 12*, at 28:30 (YouTube, June 12, 2025), https://www.youtube.com/watch?v=QjakZRoGnxk (last visited June 1, 2026).

25.     The existence and contents of the press release by EPA dated June 12, 2025, titled *EPA Administrator Zeldin Celebrates President Trump Officially Ending California's Vehicle Waivers, Delivering Another Major Blow to the EV Mandate*, a true and correct copy of which is attached as Exhibit 21 to the Declaration of M. Elaine Meckenstock.

26.     The existence and contents of the press release by EPA dated June 12, 2026, titled *EPA Fulfills Statutory Obligation by Transmitting Four California Waiver Rules to Congress*, a true and correct copy of which is attached as Exhibit 22 to the Declaration of M. Elaine Meckenstock.

27.     The existence and contents of the E&E News Article titled *EPA incites another Hill fight over California waivers* by Alex Guillén, published on June 15, 2026, a true and correct copy of which is attached as Exhibit 23 to the Declaration of M. Elaine Meckenstock

28.     The existence and contents of EPA's Motion for an Extension of the Deadline to File the Answering Brief, Or, in the Alternative, to Hold this Case in Abeyance filed in *Outdoor Power Equipment Institute v. U.S. EPA*, Case No. 25-881 (9th Cir. filed May 14, 2026), Dkt. 82.1, a true and correct copy of which is attached as Exhibit 24 to the Declaration of M. Elaine Meckenstock.

29.     The existence and contents of EPA's Motion for Abeyance filed in *Ohio v. U.S. EPA*, Case No. 22-1081 (D.C. Cir. filed March 16, 2026), Document No. 2163655, a true and correct copy of which is attached as Exhibit 25 to the Declaration of M. Elaine Meckenstock.

The exhibits and facts listed above are proper subjects of judicial notice. A court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined

5

from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The exhibits and facts in paragraphs 1-9, 12-14, 16, 21, 23, and 25-26 are publicly available on government websites and/or on government web accounts, and the facts—including the facts for which the documents are cited—can be accurately and readily determined from these sources, whose accuracy cannot reasonably be questioned. Courts "have frequently taken judicial notice of information posted on official public websites of government agencies." *Pharmaceutical Research & Mfrs. of Am. v. U.S. Dep't of Health & Human Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014); *see also, e.g., Johnson v. Comm'n on Presidential Debates*, 202 F. Supp. 3d 159, 167 (D.D.C. 2016) ("[J]udicial notice may be taken of public records and government documents available from reliable sources."); *Democracy Forward Found. v. White House Office of Am. Innovation*, 356 F. Supp. 3d 61, 68 n.4 (D.D.C. 2019) ("[T]he Court notes that it may take judicial notice of the White House Press Release as it is a government document available from a reliable source.").

The exhibits in paragraphs 13, 28, and 29 are filings from other judicial proceedings available on the public docket, the authenticity of which cannot reasonably be questioned. "A court may take 'judicial notice of facts on the public record' in other proceedings." *Moore v. Robbins*, 24 F. Supp. 3d 88, 96 n.7 (D.D.C. 2014) (quoting *Covad Comm's Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)); *see also, e.g.*, *Klayman v. Fitton*, No. 1:19-cv-02793, 2021 WL 4476747, at *3 (D.D.C. Sept. 30, 2021) (taking "judicial notice of the public dockets in two federal cases").

The exhibits listed in paragraphs 15, 18-20, 22, and 27 are news articles. The publication of these articles, and the fact that they report certain statements, can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. A court "may . . . take judicial notice of newspaper articles." *In re Lorazepam & Clorazepate Antitrust Litig.*, 2004 WL 7081446, at *1 n.1 (D.D.C. May 18, 2024).

Finally, the exhibits and facts in paragraphs 9, 10, 17, and 24 are obtained from webpages and posts on social media, the authenticity of which "can be accurately and readily determined

from sources whose accuracy cannot reasonably be questioned." *Abramowitz v. Lake*, 803 F. Supp. 3d 1, 15 n.3 (D.D.C. 2025) (taking judicial notice of social media post on X); *United States v. Flynn*, 507 F. Supp. 3d 116, 126 n.6 (D.D.C. 2020) (taking judicial notice of social media post on Twitter); *Real World Media LLC v. Daily Caller, Inc.*, 744 F. Supp. 3d 24, 32 (D.D.C. 2024) (taking judicial notice of "printouts of . . . YouTube page[s]"); *New York v. Meta Platforms, Inc.*, 66 F.4th 288, 303 (D.C. Cir. 2023) (taking judicial notice of "[a]n archived webpage"); *Brink v. Continental Casualty Co.*, No. 11-cv-01733-EGS-ZMF, 2021 WL 7907065, at *9 (D.D.C. Dec. 27, 2021) ("A court 'may take judicial notice of the contents of an Internet website,' where neither party disputes the accuracy of information on the website.").

For the foregoing reasons, the Court may take judicial notice of the exhibits and facts listed in the above paragraphs, and Plaintiff respectfully requests that the Court do so.

Dated: June 25, 2026

Respectfully Submitted,

ROB BONTA
Attorney General of California
MYUNG PARK
DAVID ZAFT
Supervising Deputy Attorneys General

*/s/M. Elaine Meckenstock*
M. ELAINE MECKENSTOCK
NATALIE COLLINS
KATHERINE GAUMOND
*Deputy Attorneys General*
Office of the Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612-0550
Telephone: (510) 879-0299
Email: Elaine.Meckenstock@doj.ca.gov

*Counsel for Plaintiff State of California*