**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| STATE OF CALIFORNIA,<br><br>    *Plaintiff*,<br><br>v.<br><br>LEE ZELDIN, in his official capacity as U.S. Environmental Protection Agency Administrator, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>    *Defendants*. | Case No. 1:26-cv-02185-BAH |

I, Geoff Moody, declare as follows:

1. I am the Senior Vice President, Government Relations and Policy, for the American Fuel & Petrochemical Manufacturers ("AFPM"). In that capacity, I lead AFPM's regulatory and legislative functions. I am familiar with the activities and mission of the organization, with the views, priorities, and concerns of AFPM's membership, and with the facts stated in this Declaration.

2. I am over 18 years old. This Declaration is based upon my personal knowledge and/or upon my review of business records of AFPM.

3. AFPM is the leading trade association representing the makers of the fuels that keep Americans moving and the petrochemicals that are essential building blocks of modern life. AFPM's members provide critical energy and chemical products and support millions of American jobs.

4. AFPM has a long history of engagement on issues concerning environmental and vehicle emissions policy. AFPM regularly participates in federal rulemakings and has engaged in litigation related to vehicle emissions standards and Clean Air Act waivers.

5.     AFPM's members include petroleum refiners that produce gasoline and diesel fuel and rely on demand for liquid transportation fuels. AFPM's membership also includes companies that operate refineries and other energy infrastructure in California and other states that adopt California's emission standards under Section 177 of the Clean Air Act. AFPM members Cenovus, Chevron U.S.A. Inc., Flint Hills Resources, HF Sinclair, Marathon Petroleum, and Valero sell gasoline and diesel in these states.

6.     Those and other members' sales will be reduced, causing monetary injury, if California's waivers remain effective, because the waivers would allow California, and other states under Section 177, to enforce stricter electric vehicle mandates and tailpipe emissions standards than federal policy. These rules would suppress demand for some of the core products AFPM members manufacture and distribute, thereby reducing sales, imposing conflicting regulatory requirements, forcing costly operational changes, undermining settled business expectations nationwide, disrupting investment planning, and introducing uncertainty into fuel markets.

7.     I am familiar with the vehicle emissions control waivers that the United States Environmental Protection Agency ("EPA") granted to California and that are at issue in this case. *See* 74 Fed. Reg. 32744 (July 8, 2009); 78 Fed. Reg. 2112 (Jan. 9, 2013) (Advanced Clean Cars I, "ACC I"); 87 Fed. Reg. 14332 (Mar. 14, 2022); 90 Fed. Reg. 640 (Jan. 6, 2025) (signed December 2024).

8.     I am also aware that EPA recently transmitted those waivers to Congress under the Congressional Review Act, Pub. L. No. 104-121, tit. II, subtit. E, 110 Stat. 857, 868–74 (1996) (codified at 5 U.S.C. §§ 801–808).

9.     EPA's decisions to transmit these waivers to Congress and Congress's eventual approval or disapproval of these waivers have an impact on the interests of AFPM's members. Moreover, AFPM relies on the CRA as an advocacy tool to help advance its members' priorities.

10.     AFPM's participation as a Defendant-Intervenor in this action is germane to its mission and purpose. AFPM seeks to protect its members from regulatory burdens that exceed federal statutory limits and from state actions that conflict with national fuel policies.

11.     AFPM's members need clarity on whether these state standards will remain enforceable to allow for investment and other planning.

12.     AFPM has maintained regular communication with its members regarding these waivers and the legal developments surrounding them. AFPM is well-positioned to represent the collective interests of its members in this litigation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 10th day of July, 2026, in Washington, D.C.

Geoff Moody
AFPM Senior Vice President

3