**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| STATE OF CALIFORNIA,<br><br>*Plaintiff*,<br><br>v.<br><br>LEE ZELDIN, in his official capacity as U.S. Environmental Protection Agency Administrator, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Defendants*. | Case No. 1:26-cv-02185-BAH |

I, Will Hupman, declare as follows:

1. I am the Vice President of Downstream Policy for the American Petroleum Institute ("API"). In that capacity, I am responsible for the management of policies relating to the refining, movement, and sale of finished products including gasoline, diesel, and renewable fuels. I am also responsible for analyzing and understanding the impacts of regulatory changes on the industry. I am familiar with the activities and mission of the organization, with the views, priorities, and concerns of API's membership, and with the facts stated in this Declaration.

2. I am over 18 years old. This Declaration is based upon my personal knowledge and/or upon my review of business records of API.

3. API is a national, not-for-profit trade association representing all segments of America's oil and natural gas industry. Our membership includes approximately 600 companies engaged in producing, refining, transporting, and marketing petroleum and natural gas products. API members support more than 11 million U.S. jobs and provide a majority of the nation's energy supply.

4.      API's members, such as Chevron Corporation and Marathon Petroleum Corporation, include large integrated energy companies, independent producers, refiners, pipeline operators, marketers, and marine transporters. API's members and its members' subsidiaries sell fuel, including gasoline and diesel.

5.      API regularly engages in advocacy and litigation to protect its members from laws and regulations that impose unlawful or unconstitutional burdens on their operations, and to support laws and regulations that align with the goals and priorities of the organization. API's mission includes ensuring that its members can continue to provide affordable and reliable energy to U.S. consumers without undue interference or economic harm from unlawful regulatory actions.

6.      I am familiar with the vehicle emissions control waivers that the United States Environmental Protection Agency ("EPA") granted to California between 2023 and 2025. *See* 74 Fed. Reg. 32744 (July 8, 2009); 78 Fed. Reg. 2112 (Jan. 9, 2013) (Advanced Clean Cars I, "ACC I"); 87 Fed. Reg. 14332 (Mar. 14, 2022); 90 Fed. Reg. 640 (Jan. 6, 2025) (signed December 2024).

7.      I am also aware that EPA recently transmitted those waivers to Congress under the Congressional Review Act.

8.      EPA's decisions to transmit these waivers to Congress and Congress's eventual approval or disapproval of these waivers have an impact on the interests of API's members.

9.      API's members sell refined petroleum products throughout California and in other states that have opted-in to California's regulations under Section 177 of the Clean Air Act. API members also own and operate refining and distribution infrastructure that supply these markets. States that have adopted some of California's standards collectively represent a substantial share of the national market for gasoline and diesel.

2

10.    Numerous API members' sales will be reduced, causing monetary injury, if California's waivers remain effective, because the waivers would allow California, and other states under Section 177, to enforce stricter electric vehicle mandates and tailpipe emissions standards than federal policy. These rules would suppress demand for some of the core products API members manufacture and distribute, thereby reducing sales, imposing conflicting regulatory requirements, forcing costly operational changes, undermining settled business expectations nationwide, disrupting investment planning, and introducing uncertainty into fuel markets. Accordingly, the outcome of this litigation is important to API and its members.

11.    API has maintained regular communication with its members regarding these waivers and the legal developments surrounding them. API is well-positioned to represent the collective interests of its members in this litigation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 10th day of July, 2026.



DocuSigned by:

Will Hupman

BCAA9D4EC0DF49D...