**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY *and* LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency,<br><br>*Defendants.* | Case No. 1:26-cv-02185-BAH |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff hereby notifies this Court that, on July 22, 2026, Defendant U.S. Environmental Protection Agency ("EPA") announced that it had reclassified as "rules" and submitted to Congress two additional Clean Air Act waivers, Ex. A (press release):

1. A 2023 waiver authorizing enforcement of amendments to the California Air Resources Board's ("CARB's") Ocean-Going Vessels At-Berth regulation. 88 Fed. Reg. 72,461 (Oct. 20, 2023).

2. A 2025 waiver authorizing enforcement of amendments to CARB's Commercial Harbor Craft regulation. 90 Fed. Reg. 1,998 (Jan. 10, 2025).

At the time EPA granted these waivers in 2023 and 2025, EPA asserted that "[t]he Congressional Review Act [("CRA")] … does not apply because this action is not a rule, for purposes of 5 U.S.C. 804(3)." 90 Fed. Reg. at 2,000; 88 Fed. Reg. at 72,476.

1

EPA's new reclassifications and submissions relate to arguments made in connection with Plaintiff's pending Motion for Preliminary Injunction or Stay (ECF No. 13).

First, in opposing Plaintiff's motion, Defendants contested Plaintiff's Article III standing to seek a preliminary injunction against EPA's continuing reclassification of Clean Air Act preemption waivers into rules. EPA Opp. (ECF No. 21) at 24. In response, Plaintiff established that there is "a likelihood that [it] will be injured by reclassification of other preemption waivers, and that [it] has standing to seek an injunction against future reclassifications." CA Reply (ECF No. 26) at 24. EPA's latest actions confirm Plaintiff's prediction, underscore Plaintiff's ongoing injury, s*ee* CA PI Mot. (ECF No. 13-1) at 30-32, and demonstrate the need for prompt resolution of its motion for preliminary injunction to restore the status quo and prevent continued reclassifications and submissions.

Second, Defendants asserted that judicial review of the reclassifications and submissions is barred by CRA Section 805 because the relevant determination—that waivers are rules—was made by Congress, not by EPA. EPA Opp. 17. But, like its prior June 2026 announcement of the Reclassifications and Submissions, EPA's latest announcement states that "*EPA has determined that each of these waivers is a rule under the CRA.*" Ex. A (emphasis added); *see also* CA Reply 10.

2

Dated: July 23, 2026

Respectfully Submitted,

ROB BONTA
Attorney General of California
MYUNG PARK
DAVID ZAFT
Supervising Deputy Attorneys General

*/s/ Katherine Gaumond*
KATHERINE GAUMOND
NATALIE COLLINS
M. ELAINE MECKENSTOCK
*Deputy Attorneys General*
Office of the Attorney General
455 Golden Gate Ave, Suite 11000
San Francisco, CA  94102
Telephone: (415) 510-4439
Email: Katherine.gaumond@doj.ca.gov

*Counsel for Plaintiff State of California*

3