**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br><br>　　　　　*Plaintiff*,<br><br>　　　v.<br><br><br>LEE ZELDIN, in his official capacity as U.S. Environmental Protection Agency Administrator, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>　　　*Defendants*. | Civil Action No.: 1:26-cv-02185-BAH |

**REPLY IN SUPPORT OF AMERICAN FUEL & PETROCHEMICAL**
**MANUFACTURERS AND AMERICAN PETROLEUM INSTITUTE'S**
**MOTION TO INTERVENE AS DEFENDANTS**

**TABLE OF CONTENTS**

Introduction ............................................................................................................................1

Argument ............................................................................................................................. 2

    I.    Proposed Intervenors are entitled to intervene as of right. ............................................ 2

        A.    The Motion is timely and will not cause delay or prejudice. ..........................2

        B.    California's requested relief threatens Proposed Intervenors' legally protected interests. ...............................................................................3

        C.    Defendants do not adequately represent Proposed Intervenors' interests. ........................................................................................................6

    II.    Alternatively, the Court should grant Proposed Intervenors permissive intervention. ..................................................................................................... 7

    III.    Proposed Intervenors are amenable to reasonable case management conditions. ................................................................................................... 10

Conclusion ....................................................................................................................... 11

**INTRODUCTION**

California seeks relief that would prevent Congress from reviewing EPA actions authorizing state regulation that directly injures American Fuel & Petrochemical Manufacturers and American Petroleum Institute's ("Proposed Intervenors") members. Proposed Intervenors are entitled to intervene as of right or at the very least permissively.

California does not dispute that the motion to intervene is timely or that Proposed Intervenors have Article III standing. Instead, California argues that this case concerns only EPA's procedure for submitting waivers to Congress and that Proposed Intervenors therefore lack an interest in the litigation. But California's requested relief, not its characterization of the legal questions, defines what is at stake. California asks the Court to vacate EPA's decision to submit the waivers and to require EPA to retract submissions already made to Congress. The purpose and effect of that relief would be to prevent congressional review of agency actions authorizing regulatory programs that reduce demand for Proposed Intervenors' members' products.

Proposed Intervenors' interests in preventing that outcome are both concrete and legally protected. In *Diamond Alternative Energy, LLC v. EPA*, the Supreme Court held that California's vehicle emissions programs cause fuel producers a "classic monetary injury" by reducing demand for gasoline and other liquid fuels. 606 U.S. 100, 117–20 (2025). In this Circuit, a proposed intervenor who has Article III standing has a legally protected interest for purposes of Rule 24(a). *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998). California cannot avoid that rule by describing this case as procedural. Proposed Intervenors seek to defend against relief that would eliminate a presently available means of preventing the continued operation of regulatory programs that injure their members.

Federal Defendants do not adequately represent Proposed Intervenors' interest. Federal Defendants' obligation is to defend EPA's actions while representing the broader institutional interests of the United States. Proposed Intervenors represent companies who bear the regulatory programs' direct commercial consequences. Rule 24 requires only a minimal showing that the Government's representation "may be" inadequate, and the difference between those institutional and commercial interests satisfies that standard.

At a minimum, permissive intervention is warranted. Proposed Intervenors seek to defend the same EPA actions California challenges, on the same legal record, without asserting independent claims or challenging the underlying waivers. The proposed opposition confirms that Proposed Intervenors' participation will not introduce collateral issues. Because the motion was filed at the outset of the case and Proposed Intervenors have complied with the existing briefing schedule, intervention will cause neither delay nor prejudice.

The Court should grant intervention as of right under Rule 24(a) or alternatively permit intervention under Rule 24(b).

## ARGUMENT

**I.      Proposed Intervenors are entitled to intervene as of right.**

**A.      The Motion is timely and will not cause delay or prejudice.**

A motion to intervene is timely when, considering all the circumstances, intervention will not prejudice the existing parties or disrupt the proceedings. *WildEarth Guardians v. Jewell*, 320 F.R.D. 1, 3 (D.D.C. 2017); *Love v. Vilsack*, 304 F.R.D. 85, 91 (D.D.C. 2014). That requirement is satisfied and uncontested. Proposed Intervenors moved just weeks after California filed its Complaint, before any substantive proceedings occurred, and filed their proposed opposition to Cali-

fornia's preliminary injunction motion on the same schedule as Federal Defendants. Their participation therefore causes no delay and requires no alteration of the Court's schedule. California does not argue otherwise. The Motion is timely.

### B. California's requested relief threatens Proposed Intervenors' legally protected interests.

California's argument that Proposed Intervenors lack a legally protected interest improperly separates the relief California seeks from the interests that relief would affect. To intervene as of right, a movant must possess a legally protected interest that the disposition of the action may impair. Fed. R. Civ. P. 24(a). The D.C. Circuit has held that a party with standing "need not show anything more" to establish a legally protected interest under Rule 24(a). *Mova*, 140 F.3d at 1076. Consistent with that principle, the Circuit recently confirmed the standing of regulated companies and an association representing them to intervene in defense of rules governing their operations. *Clean Air Council v. EPA*, ___ F.4th ___, 2026 WL 2066189, at *3 & n.3 (D.C. Cir. July 17, 2026).

California does not dispute that Proposed Intervenors have Article III standing, and the Supreme Court recently confirmed the basis for their standing. California's vehicle-emissions programs cause fuel producers a "classic monetary injury" because their purpose and predictable effect are to reduce sales of gasoline and other liquid fuels. *Diamond Alt. Energy*, 606 U.S. at 117–20; *see id.* at 117 ("invalidating California's regulations would likely mean more gasoline-powered automobiles, which would in turn likely mean more sales of gasoline and other liquid

3

fuels by the fuel producers.").[1] That injury exists because the programs are presently operative; it does not depend on Congress, the President, or EPA taking any future action. That concrete economic interest supplies the legally protected interest required by Rule 24(a). *See Mova*, 140 F.3d at 1076.

This action threatens to impair Proposed Intervenors' interest. California asks the Court to vacate EPA's decision to submit the waivers to Congress and to require Congress to return or EPA to retract submissions already made. The requested relief would remove the waivers from the congressional-review process and thereby eliminate a presently available avenue through which the agency actions authorizing those injurious regulatory programs might be terminated.

Rule 24 does not require Proposed Intervenors to show that Congress will disapprove the waivers to support a protectable interest. That rule requires only that the disposition of this case "may as a practical matter impair or impede" intervenors' ability to protect their interests. Fed. R. Civ. P. 24(a)(2). An order removing the waivers from congressional review would impair Proposed Intervenors' ability to pursue the benefit of that process, whether or not Congress ultimately would have disapproved them.

This conclusion that Proposed Intervenors' interest does not require the future approval or disapproval of the waivers is fully consistent with Proposed Intervenors' challenge to California's standing. California's alleged injury is the future loss of its waivers, an event that would occur

---

[1] California misreads *Diamond Alternative Energy* by suggesting the holding is limited to Clean Air Act challenges. Dkt. 31 at 12. The relevant holding was not tied to the cause of action. Rather, the Supreme Court recognized that fuel producers suffer concrete injury from California's vehicle-emissions programs because those programs reduce demand for gasoline and diesel fuel. *Diamond Alt. Energy*, 606 U.S. at 116–17. That economic reality does not change simply because California chose to challenge EPA's actions under the Administrative Procedure Act. The relevant question under Rule 24 is whether the litigation threatens interests the law recognizes as protectable. *Diamond Alternative Energy* answers that question directly. *See id.* at 116–20.

only if Congress passes and the President signs resolutions of disapproval, or if EPA later completes a separate withdrawal proceeding. Dkt. 22-5 at 19–23.

California's additional arguments rest on two errors. First, Proposed Intervenors do not claim an abstract legal entitlement to congressional review. *See* Dkt. 31 at 10–11 ("Proposed Intervenors fail to demonstrate that their desire to avoid the alleged economic effects of California's standards provides a legally protectable interest in congressional review."). Their legally protected interest is the concrete economic interest recognized in *Diamond Alternative Energy*. Congressional review matters because California seeks a judgment that would eliminate one means of protecting that interest. Indeed, California alleges that submission of the waivers threatens their continued effectiveness and seeks relief specifically designed to prevent that result.

California next asserts that Proposed Intervenors' interests are "too attenuated." Dkt. 31 at 11. That argument confuses the injury with the mechanism that may alleviate it. The injury *Diamond Alternative Energy* recognized is present and concrete: California's operative regulatory programs reduce demand for Proposed Intervenors' members' products. The only contingency concerns whether congressional review would ultimately relieve that injury. But Rule 24 asks whether disposition of this action "may as a practical matter" impair the movant's ability to protect its interest. Fed. R. Civ. P. 24(a)(2). California seeks an order that would conclusively eliminate one available avenue of protection. That is sufficient even though the outcome of the congressional review process is uncertain.

Nor does the Ninth Circuit's *unpublished* memorandum disposition that California cites, Dkt. 31 at 11, alter this Court's analysis. That nonprecedential decision ignores existing Ninth Circuit precedent, is internally inconsistent, and entirely fails to address *Diamond*'s recognition of the fuel industry's economic injury. In any event, it does not consider D.C. Circuit precedent,

5

which binds the Court here. And California opportunistically cites this opinion in its brief substantial-interest analysis while ignoring the Ninth Circuit's holding that "Federal Defendants do not adequately represent" AFPM and API. Memorandum, No. 25-8013, Dkt. 47.1 (9th Cir. July 21, 2026) at 12 (unpublished summary disposition).

### C.    Defendants do not adequately represent Proposed Intervenors' interests.

The burden on an intervenor to show that an existing party may not adequately represent its interests is minimal. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (intervenors need only show that representation of their interests "*may be*" inadequate); *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). Proposed Intervenors meet that burden because Federal Defendants represent the broader institutional and policy interests of the United States, while Proposed Intervenors represent their members' distinct commercial interests.

California again mischaracterizes Proposed Intervenors' interests as no more than a generalized interest in the proper interpretation of federal law. *See* Dkt. 31 at 13–14. But Proposed Intervenors seek to protect their members from the concrete injury caused by the regulatory programs California asks this Court to shield from congressional review. *See supra* Section I.B. Federal Defendants represent the institutional and policy interests of the United States. Proposed Intervenors, by contrast, represent companies whose members bear the direct economic consequences of the regulatory programs at issue. Their objective is to protect their members' commercial interests from programs that the Supreme Court has recognized inflict monetary injury on fuel producers. *Diamond Alt. Energy*, 606 U.S. at 116–22. The Government cannot place those narrower interests ahead of its broader institutional responsibilities. *See Dimond,* 792 F.2d at 192–93. Rule 24 does not require a present conflict; the difference between those interests satisfies the minimal burden even when the parties currently seek the same result. *See Trbovich,* 404 U.S. at 538 n.10.

California's attempt to confine the black-letter principle that the Government does not represent distinct commercial interests to Endangered Species Act and NEPA cases is misplaced. Dkt. 31 at 14. Those decisions did not rest on any feature unique to those statutes. They applied the broader distinction between the Government's obligation to represent the public interest and a proposed intervenor's narrower obligation to protect its own or its members' interests. *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003); *County of San Miguel v. MacDonald*, 244 F.R.D. 36, 48 (D.D.C. 2007). That distinction applies equally to Proposed Intervenors' commercial interests here.

Finally, the history of these waivers confirms that Proposed Intervenors' reliance on Federal Defendants alone would be imprudent. EPA has repeatedly changed its legal position concerning California's Clean Air Act waivers across administrations. *See Diamond Alt. Energy*, 606 U.S. at 106–07. That history reinforces the possibility that the Government's litigation position may diverge from Proposed Intervenors' interests over the course of the case. Proposed Intervenors therefore have met Rule 24(a)'s minimal burden.

**II.        Alternatively, the Court should grant Proposed Intervenors permissive intervention.**

Even if the Court concludes that intervention as of right is unavailable, it should exercise its discretion to permit intervention under Rule 24(b). Permissive intervention is appropriate when the movant presents "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *See EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). The Court must also consider whether intervention would unduly delay or prejudice adjudication of the existing parties' rights. Fed. R. Civ. P. 24(b)(3).

California does not dispute that the Motion is timely, that Proposed Intervenors have standing, or that their defenses address the same EPA actions challenged in the Complaint. Its opposition

7

instead rests on speculation that intervention will inject collateral issues and cause delay. Neither concern is supported by Proposed Intervenors' filings or their participation to date.

Proposed Intervenors' defenses share the central legal and factual questions presented by California's claims. California challenges EPA's classification and submission of the waivers under the CRA and seeks to vacate those actions. Dkt. 1 ¶¶ 7, 9–10, 17. Proposed Intervenors seek to defend the same EPA actions against the same claims and requested relief. *See* Dkt. 22-5 at 12–36. Their defenses therefore satisfy Rule 24(b)'s commonality requirement.

Unable to dispute that commonality, California wrongly speculates that Proposed Intervenors will import disputes over the validity of the underlying waiver grants. Dkt. 31 at 15. The record refutes that concern. Proposed Intervenors' opposition to California's motion for a preliminary injunction addresses only the claims California pleaded and the relief California seeks. Dkt. 22-5 at 12–36. Proposed Intervenors do not, in this action, seek to challenge the wisdom of the standards underlying the waivers or the validity of EPA's original waiver decisions, and they assert no independent claims. California's protestation that intervention will broaden the case rests on conjecture, not anything Proposed Intervenors have actually argued. California's suggestion that Proposed Intervenors participate only as amici does not answer Rule 24(b), which expressly permits intervention when its requirements are satisfied. Dkt. 31 at 16.

California likewise fails to identify any meaningful prejudice. Its principal complaint is that intervention will require additional briefing and thereby increase the burden of litigating this case. But the ordinary burden of responding to an intervenor's argument is not undue prejudice. The relevant question is whether intervention will introduce collateral issues or materially disrupt the litigation. It will do neither here.

Proposed Intervenors have consistently sought to minimize any burden on the Court and the parties. They moved promptly, filed their preliminary-injunction opposition on the same schedule as Federal Defendants, and later sought to streamline the proceedings by requesting that the preliminary-injunction briefing be treated as briefing on the motions to dismiss. Their participation has required no alteration of the Court's schedule, and California identifies no concrete delay attributable to intervention. *See EEOC*, 146 F.3d at 1047. Proposed Intervenors seek no alteration of the existing briefing schedule and will coordinate their participation to avoid duplicative briefing.

California's reliance on *United Mexican States v. Lion Mexico Consolidated L.P.*, 172 F.4th 1 (D.C. Cir. 2026), is misplaced. Dkt. 31 at 15. There, the parties agreed that the proposed intervenor sought to introduce issues unrelated to the existing petitions, and the motion was untimely. *Lion Mex. Consol.*, 172 F.4th at 11–12. Neither circumstance is present here. Proposed Intervenors' defenses concern the same agency actions and legal issues already before the Court, and their motion was filed at the outset of the case. Further, because Proposed Intervenors assert only defenses to California's claims and seek no independent relief, the independent-jurisdiction concern identified in *Lion Mexico* is not implicated here.

Proposed Intervenors' participation will also assist the Court by ensuring adversarial presentation of defenses tied to the practical consequences of California's requested relief. California's reliance on *Ctr. for Biological Diversity v. EPA*, 274 F.R.D. 305 (D.D.C. 2011), is therefore misplaced. There, the proposed intervenors' asserted injury depended on a chain of future agency actions, and their technical expertise was irrelevant to the essentially procedural duty-to-act question before the court in that case. *Id.* at 309, 312–14. Here, Proposed Intervenors already

suffer the economic injury recognized in *Diamond Alternative Energy*, and their proposed opposition addresses the same legal issues that California placed before this Court.

For these reasons, even if the Court concludes that Rule 24(a) does not require intervention, it should exercise its discretion to grant permissive intervention under Rule 24(b).

**III.      Proposed Intervenors are amenable to reasonable case management conditions.**

Last, California asks the Court to impose conditions on Proposed Intervenors' participation. Dkt. 31 at 16-17. Those issues are better addressed at a case-management conference, but Proposed Intervenors remain amenable to reasonable conditions on all parties and intervenors that would promote efficiency and conserve judicial resources.

California first asks the Court to prohibit Proposed Intervenors from initiating discovery. *Id.* at 16. Proposed Intervenors believe that discovery is unnecessary for *all parties* because this case presents only pure questions of law and would therefore consent to a mutual waiver of discovery for the entire litigation. Proposed Intervenors, however, strongly oppose any condition that prohibits Proposed Intervenors from conducting discovery while allowing California to direct discovery at them, which could invite abuse.

California also asks that Proposed Intervenors' "arguments and defenses shall be limited to those claims and issues raised in any operative complaints." *Id.* Proposed Intervenors understand this as a request barring counterclaims or crossclaims by intervenors. At this time, Proposed Intervenors do not intend to bring any such claims.

**CONCLUSION**

The Court should grant Proposed Intervenors' Motion to Intervene. The Court should also wait to consider any conditions on Proposed Intervenors' participation until a future case-management conference.

Dated: July 31, 2026                            Respectfully submitted,

                                                */s/ Michael B. Schon*
                                                Michael B. Schon
                                                mike@lehotskycohn.com
                                                Lehotsky Cohn LLP
                                                200 Massachusetts Avenue, NW
                                                 Suite 700
                                                Washington, DC 20001
                                                Tel.: (512) 693-8350
                                                Fax: (512) 727-4755

                                                Katherine C. Yarger* (CO 40387)
                                                Lehotsky Cohn LLP
                                                700 Colorado Blvd., #407
                                                Denver, CO 80206
                                                Email: katie@lehotskycohn.com
                                                Tel.: (512) 693-8350
                                                Fax: (512) 727-4755

                                                *Counsel for American Fuel & Petrochemical Manufacturers and American Petroleum Institute*

                                                * Application for admission to D.D.C. submitted.

11

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with Local Civil Rule 7(e) because it does not exceed 25 pages.

Dated: July 31, 2026                                    Respectfully submitted,

*/s/ Michael B. Schon*
Michael B. Schon

12

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2026, I electronically filed the foregoing document using

the CM/ECF system. Service was accomplished by the CM/ECF system.


Dated: July 31, 2026                                        Respectfully submitted,

                                                            */s/ Michael B. Schon*
                                                            Michael B. Schon

13