**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>       *Plaintiff*,<br><br>       v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and LEE ZELDIN, in his official capacity as Administrator of the United States Environmental Protection Agency,<br><br>       *Defendants*. | Case No. 1:26-cv-02185-BAH |

## <u>MOTION FOR RELIEF FROM THE REQUIREMENT TO FILE A CERTIFIED INDEX OF AN ADMINISTRATIVE RECORD</u>

The United States Environmental Protection Agency and Lee Zeldin (together, "EPA") respectfully request that this Court waive the requirement that EPA file a certified list of the contents of an administrative record on August 7, 2026, *see* Aug. 5, 2026 Minute Order, and permit the agency to submit a schedule for filing the administrative record within fourteen days of filing an answer. California states that "Plaintiff California has no objection to deferring the filing of the index to seven days after an order denying the pending motions to dismiss in whole or in part, but ultimately defers to the Court if it would prefer the index be filed sooner." Intervenor-Defendants American Petroleum Institute and American Fuel & Petrochemical Manufacturers do not object.

1. Local Civil Rule 7(n) states:

> In cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

1

2. On its face, Local Civil Rule 7(n) appears to impose this requirement on any dispositive motion, even one to dismiss under Federal Rule of Civil Procedure 12(b) that does not rely on an administrative record.

3. However, Local Civil Rule 7(n) also indicates that it is meant to aid in the decision of a dispositive motion that relies on an administrative record. *See* L. Civ. R. 7(n)(1) (requiring "an appendix containing copies of those portions of the administrative record that are cited or otherwise *relied upon* in any memorandum in support of or in opposition to any dispositive motion" (emphasis added)). The comment to the Local Civil Rule further notes that "[t]his rule is intended to assist the Court in cases involving a voluminous record." Cmt. to L. Civ. R. 7(n).

4. EPA did not file a certified index of the contents of the administrative record simultaneously with its motion to dismiss because the agency interpreted this Court's standing order as permitting EPA to file a certified index, if needed, after filing an answer and consulting with the other parties. *See* Standing Order ¶ 4(b)(i). And EPA conferred with California regarding EPA's interpretation of Local Civil Rule 7(n).

5. EPA respectfully requests that the Court relieve the agency from the requirement to file a certified index on August 7, 2026. *See* Aug. 5, 2026 Minute Order.  The D.C. Circuit has long recognized that a court can resolve claims at the motion to dismiss stage without the administrative record where the record is not germane to the issues presented in the motion. *See Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266–67 (D.C. Cir. 2001) (rejecting argument that the district court erred in refusing to compel production of the administrative record before deciding motion to dismiss). In turn, "the general practice in this Court" is to waive Local Civil Rule 7(n)

when "the administrative record is not necessary for [the court's] decision." *Arab v. Blinken*, 600 F. Supp. 3d 59, 65 n.2 (D.D.C. 2022) (internal quotation marks omitted); *see also, e.g.*, *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 94 n.2 (D.D.C. 2014) (waiving Local Rule 7(n) in case challenging agency action when dispositive motion at issue raised only threshold jurisdiction and failure-to-state-a-claim arguments); *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (similar, "because the Court need not consider the administrative record in evaluating the motions before it"); *Patterson v. Haaland*, 2022 WL 4534685, at *1 & n.2 (D.D.C. Sept. 28, 2022) (similar, "because consideration of the motion to dismiss does not require review of the administrative record"); *E. Atl. Servs. & Trading LLC v. Mayorkas*, 2024 WL 4332554, at *6 (D.D.C. Sept. 27, 2024) (waiving Local Civil Rule 7(n) "because I do not rely on the administrative record to decide the motions at issue").

6. EPA's motion to dismiss does not cite or rely upon an administrative record. An administrative record is therefore unnecessary to resolve the threshold issues presented in the motion. Waiving this requirement is particularly appropriate in this case, as EPA contends that this Court lacks jurisdiction to decide this case and that California has not identified a reviewable final agency action. *See PETA*, 59 F. Supp. 3d at 94 n.2 (waiving Local Rule 7(n) in case challenging agency action when dispositive motion raised jurisdictional argument); *Fresenius Kabi USA, LLC v. United States*, 2026 WL 865815, at *2 n.3 (D.D.C. Mar. 30, 2026) (granting relief from Local Rule 7(n) "[b]ecause the Court concludes, based on the pleadings and documents incorporated by reference, that the decision is not final agency action," and therefore "consideration of the entire administrative record is unnecessary").

3

7.    EPA thus respectfully requests that the Court waive the requirement to file a certified list of the contents of the administrative record by August 7, 2026 and permit the agency to submit a schedule for filing the administrative record within fourteen days of filing an answer.

Dated: August 6, 2026                                    Respectfully submitted,


BRETT A. SHUMATE                                ADAM R.F. GUSTAFSON
Assistant Attorney General                         *Principal Deputy Assistant Attorney*
Civil Division                                              *General*
                                                                  ROBERT N. STANDER
STEPHEN M. PEZZI                                   (DC Bar #1028454)
(DC Bar #995500)                                      *Deputy Assistant Attorney General*
Chief Litigation Counsel
United States Department of Justice              */s/ Jeffrey Hughes*
Civil Division, Federal Programs Branch      MARTHA C. MANN
1100 L Street NW                                        (FL Bar #155950)
Washington, DC 20005                               JEFFREY HUGHES
stephen.pezzi@usdoj.gov                            (NY Bar #5367214)
(202) 305-8576                                            United States Department of Justice
                                                                  Environment and Natural Resources
                                                                  Division
                                                                  P.O. Box 7611
                                                                  Washington, D.C. 20044
                                                                  (202) 717-7067 (Stander)
                                                                  (202) 353-5900 (Mann)
                                                                  (202) 532-3080 (Hughes)
                                                                  robert.stander@usdoj.gov
                                                                  martha.mann@usdoj.gov
                                                                  jeffrey.hughes@usdoj.gov

4