**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>*Plaintiff*,<br><br>v.<br><br>LEE ZELDIN, in his official capacity as U.S. Environmental Protection Agency Administrator, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Defendants*,<br><br>and<br><br>AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS AND AMERICAN PETROLEUM INSTITUTE,<br><br>*Intervenor-Defendants*. | Civil Action No.: 1:26-cv-02185-BAH |

**AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS AND AMERICAN PETROLEUM INSTITUTE'S RESPONSE TO THE COURT'S AUGUST 20, 2026 MINUTE ORDER**

Intervenor-Defendants American Fuel & Petrochemical Manufacturers ("AFPM") and American Petroleum Institute ("API") respectfully submit this response to the Court's August 20, 2026 Minute Order directing Intervenor-Defendants to: (1) state whether they submitted comments during the administrative processes resulting in the four waivers; and (2) attach any comments or statements submitted during those administrative processes.

Intervenor-Defendants commented on two of the four waivers.

First, the National Petrochemical and Refiners Association ("NPRA")[1] and API submitted comments on EPA's reconsideration of its previous denial of a waiver of preemption for California's greenhouse gas vehicle emission standards, which resulted in the 2009 GHG Waiver (MY 2009+), 74 Fed. Reg. 32744 (July 8, 2009), EPA Dkt. No. EPA-HQ-OAR-2006-0173. A copy of those comments is attached as Exhibit A.

Second, AFPM submitted comments on the proposed reconsideration of the SAFE I withdrawal and reinstatement of California's Advanced Clean Car Program waiver, which resulted in the 2022 ACC I Reinstatement, 87 Fed. Reg. 14332 (Mar. 14, 2022), EPA Dkt. No. EPA-HQ-OAR-2021-0257. A copy of those comments is attached as Exhibit B.

Neither AFPM nor API submitted comments on the 2013 ACC I Waiver (MY 2017+), 78 Fed. Reg. 2112 (Jan. 9, 2013), EPA Dkt. No. EPA-HQ-OAR-2012-0562, or the SORE Authorization, 90 Fed. Reg. 640 (Jan. 6, 2025), EPA Dkt. No. EPA-HQ-OAR-2023-0151.

Intervenor-Defendants note that their position on whether EPA waiver decisions constitute rules changed between those proceedings.[2] In 2009, NPRA and API relied on EPA's position that the waiver was not a rule and argued that the waiver decision was not itself a regulation of greenhouse gases under the Clean Air Act. *See* Ex. A at 4–5. In 2021, AFPM took the position that a waiver decision was a "major rule" under the Congressional Review Act and should be treated as a rule under the Administrative Procedure Act. *See* Ex. B at 24–25. It further argued that EPA's "failure to treat a waiver as a rule . . . inappropriately denies the public the opportunity to provide

[1] NPRA is the predecessor of AFPM. In 2012, NPRA changed its name to AFPM. *See* AFPM, Our History (2026), https://perma.cc/KB2Y-C234.

[2] The associations' prior positions are not relevant to the issues before the Court. The CRA bars judicial review of EPA's determination to transmit the waivers to Congress under the CRA, and no position taken by the associations can change that bar.

informed comment on the implications of the waiver and blocks Congress from taking expedited action to withdraw an unlawfully issued waiver." *Id.* at 25.

That change reflected a good-faith reassessment of the legal issue given the changing legal landscape over the intervening twelve years. The 2009 comments were principally concerned with whether granting California's waiver would make greenhouse gases "subject to regulation" under the Clean Air Act and thereby trigger Prevention of Significant Deterioration permitting and other requirements for stationary sources. *See* Ex. A at 1–3. By 2021, substantial developments in greenhouse gas regulation and in EPA's treatment of California's waiver program had materially changed the legal and regulatory landscape. Intervenor-Defendants reassessed the legal status of EPA's waiver decisions and concluded that they satisfy the definition of rule.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Michael B. Schon*
Michael B. Schon
mike@lehotskycohn.com
Lehotsky Cohn LLP
200 Massachusetts Avenue, NW
Suite 700
Washington, DC 20001
Tel.: (512) 693-8350
Fax: (512) 727-4755

Katherine C. Yarger* (CO 40387)
Lehotsky Cohn LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lehotskycohn.com
Tel.: (512) 693-8350
Fax: (512) 727-4755

*Counsel for American Fuel & Petrochemical Manufacturers and American Petroleum Institute*

* Admitted *pro hac vice*; application for admission to D.D.C. submitted.

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document complies with Local Civil Rule 7 because it does not exceed 25 pages.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Michael B. Schon*
Michael B. Schon

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

Dated: August 21, 2026

Respectfully submitted,

*/s/ Michael B. Schon*
Michael B. Schon