**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STATE OF CALIFORNIA,

*Plaintiff,*

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, and LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency,

*Defendants*,

and

AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, and AMERICAN PETROLEUM INSTITUTE,

*Defendant-Intervenors*.

Case No.: 1:26-cv-02185-BAH

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT**

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Plaintiff State of California respectfully moves this Court for leave to file a Supplemental Complaint. The original Complaint (ECF 1) specifically identifies and challenges Defendants' unlawful actions in June 2026 purporting to reclassify four Clean Air Act waivers as rules and submit them to Congress for consideration under the Congressional Review Act. *Id.* ¶¶ 9, 32, 73. Since the filing of that complaint, Defendants have purported to reclassify two additional Clean Air Act waivers as rules

and submitted the waivers to Congress.[1] Plaintiff anticipated such actions in its Complaint, *e.g.*, ECF 1 ¶ 115, and notified the Court of EPA's July actions, ECF 30. Plaintiff, did not, however, seek to supplement the Complaint at that time to avoid any delay in consideration of Plaintiff's preliminary injunction motion which was then pending. Plaintiff now seeks to supplement its complaint to specifically address Defendant's post-complaint actions. The full grounds for this Motion for Leave to Supplement the Complaint are set forth in the accompanying memorandum of points and authorities. Plaintiff's proposed Supplemental Complaint and a redline showing differences between the Complaint and the proposed Supplemental Complaint are included as Exhibits A and B, respectively.

Pursuant to Local Civil Rule 7(m), counsel for Plaintiff, Defendants, and Intervenors first conferred regarding this motion on August 21, 2026. Plaintiff shared the proposed Supplemental Complaint and redline with Defendants and Intervenors on September 3, 2026. On September 4, 2026, Defendants and Intervenors indicated they do not oppose the filing of the proposed Supplemental Complaint.

During this meet-and-confer, the parties also discussed Plaintiff's intention—assuming the Court grants the motion for leave to supplement—to request a second preliminary injunction, expressly referencing Defendants' later reclassifications and submissions. While the Court's September 2, 2026 preliminary injunction motion refers to "other such reclassifications," thereby covering Defendants' July actions, the preliminary injunction order does not expressly reference those July actions. Plaintiff would seek an order that does so. Plaintiff attaches, as Exhibit C, the preliminary injunction motion and proposed order it would file if the Court grants leave to supplement, in the interest of transparency to the Court and in order to facilitate the parties' meet-and-confer about whether further briefing would be required on the proposed preliminary injunction by any party. In earlier discussions, Defendants and Intervenors indicated that if Plaintiff advanced no new arguments, Defendants and Intervenors would be willing to likewise

---

[1] *See* *EPA Again Fulfills Its Statutory Obligation by Transmitting Two Additional California Waiver Rules to Congress | US EPA*, last visited September 4, 2026. Copies of these EPA submissions are attached hereto as Exhibits D and E.

forego additional preliminary injunction briefing. Accordingly, Plaintiff proposes to incorporate arguments already made and ruled on by the Court, in the interest of judicial and party economy. The parties will meet and confer further about Plaintiff's second preliminary injunction motion, but can now do so with a shared understanding of the intended content of that motion.

Plaintiff respectfully requests the Court grant this Motion for Leave to Supplement and order Plaintiff to file its supplemental complaint within one business day.

Dated: September 4, 2026

Respectfully Submitted,

ROB BONTA
Attorney General of California
MYUNG PARK
DAVID ZAFT
Supervising Deputy Attorneys General

*/s/ M. Elaine Meckenstock*
M. ELAINE MECKENSTOCK
NATALIE COLLINS
KATHERINE GAUMOND
Deputy Attorneys General
Office of the Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0299
Email: Elaine.Meckenstock@doj.ca.gov

*Counsel for Plaintiff State of California*