**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STATE OF CALIFORNIA,

*Plaintiff,*

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, and LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency,

*Defendants*,

and

AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, and AMERICAN PETROLEUM INSTITUTE,

*Defendant-Intervenors*.

Case No.: 1:26-cv-02185-BAH

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**

## BACKGROUND

The Complaint in this action (ECF 1) challenges EPA's purported reclassifications and submissions of four Clean Air Act preemption waivers as *ultra vires* and in violation of the Administrative Procedure Act ("APA"), as announced in EPA's June 12, 2026 press release (ECF 13-26). The four waivers are: a 2009 waiver authorizing enforcement of California's first greenhouse gas emissions standards for new motor vehicles, 74 Fed. Reg. 32,744 (July 8, 2009); a 2013 waiver authorizing enforcement of California's Advanced Clean Cars I regulation, 78 Fed. Reg. 2112 (Jan. 9, 2013); a 2022 waiver action reinstating portions of the 2013 waiver that EPA had purportedly withdrawn in 2019, 87 Fed. Reg. 14,332 (Mar. 14, 2022); and a 2024 waiver authorizing enforcement of California's amended Small Off-Road Engine regulations, 90 Fed. Reg. 640 (Jan. 6, 2025).

The Complaint also anticipated the possibility that EPA might attempt to reclassify and submit additional waivers and requested relief accordingly. *E.g.*, ECF 1 ¶¶ 115-116, 126; *id.* at 28-29 (Prayer for Relief). And, in fact, on July 22, 2026, EPA issued another press release announcing that it had reclassified two additional Clean Air Act waivers as "rules" and submitted them to Congress.[1] The July press release targeted a 2023 waiver authorizing amendments to California regulations requiring control of emissions from ocean-going vessels while docked at certain California ports (hereafter "At-Berth waiver"), 88 Fed. Reg. 72,461 (Oct. 20, 2023), and a 2025 waiver authorizing enforcement of amendments to California regulations governing emissions from commercial harbor craft operated in California (hereafter "CHC waiver"), 90 Fed. Reg. 1998 (Jan. 10, 2025). On July 23, 2026, California filed a Notice of Supplemental Authority informing the Court of EPA's July 22 actions. ECF 30.

On September 2, 2026, this Court issued an order granting California's preliminary injunction motion and denying EPA's and Intervenors' motions to dismiss. ECF 45, 46. Among

[1] EPA, *EPA Again Fulfills Its Statutory Obligation by Transmitting Two Additional California Waiver Rules to Congress* (July 22, 2026), https://www.epa.gov/newsreleases/epa-again-fulfills-its-statutory-obligation-transmitting-two-additional-california, last visited on August 27, 2026. EPA's July submissions are attached hereto as Exhibits D and E.

other things, the Court ordered EPA to restore the status quo as it existed before the June 12, 2026 press release as to the four preemption waiver orders referenced in that order. ECF 45.

Although both the original Complaint and the Court's preliminary injunction order address "other such reclassifications," ECF 45 at 2, similar to EPA's June 2026 actions, the proposed supplemental complaint adds specificity concerning the July 2026 actions and the At-Berth and CHC waivers. Thus, California seeks leave to file a supplemental complaint that appends facts about Defendants' July 2026 reclassifications and submissions and specifically challenges those additional actions as *ultra vires* and contrary to the APA on the same grounds as the initial challenges.

In the interest of transparency to both the Court and the other parties, California attaches, as Exhibit C, a second preliminary injunction motion that it would file should the Court grant this motion for leave to supplement the Complaint. California would seek an order requiring EPA to restore the status quo as to the two July 2026 reclassifications. The Court's existing preliminary injunction order directs EPA to take certain actions with respect to the four reclassifications specifically identified in the original complaint "and other such reclassifications." ECF 45 at 2. Plaintiff understands these directions to cover the At-Berth and CHC reclassifications but, if supplementation is granted, would seek an additional order to specifically and expressly require EPA to "take all necessary steps within the agency's control to restore the *status quo*" as it existed before the July 22, 2026 press release, as to the At-Berth and CHC waivers. *See id.* at 1.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(d), "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Because they set out events that happened after the date of the original pleading, supplements are different from amendments, "which typically rest on

matters in place *prior* to the filing of the original pleading." *U.S. v. Hicks*, 283 F.3d 380, 385 (D.C. Cir. 2002).

Motions to supplement are to be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006); *see also van der Stelt v. Georgetown Univ.*, 774 F. Supp. 3d 90, 125 (D.D.C. 2025) ("Courts should generally grant leave to supplement unless there is a 'compelling reason' to deny the motion, such as 'undue delay, bad faith or dilatory motive . . . , [or] futility of amendment." (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996))). "It is the opposing party's burden to demonstrate why leave [to supplement] should not be granted." *Lannan Found. v. Gingold*, 300 F. Supp. 1, 12 (D.D.C. 2017).

## ARGUMENT

The circumstances presented here are precisely the type for which Federal Rule of Civil Procedure 15(d) provides a procedure for supplementing an existing complaint. After the filing of Plaintiff's complaint and motion for preliminary injunction, Defendants took additional unlawful actions of the type first complained of—reclassifying as "rules" previously granted "orders" and submitting them to Congress for review, ostensibly under the Congressional Review Act. Defendants' new actions suffer from the same legal deficiencies identified in the original complaint. As compared to the alternative of a separate lawsuit, permitting the filing of Plaintiff's supplemental complaint will ensure the speedy disposition of the issues raised, without causing undue delay or prejudicing the rights of any party.

### I. GRANTING LEAVE TO SUPPLEMENT WILL PROMOTE THE ECONOMIC AND SPEEDY DISPOSITION OF THE ENTIRE CONTROVERSY BETWEEN THE PARTIES.

Granting California leave to supplement its Complaint will promote the economic and speedy disposition of the entire controversy between the parties concerning EPA's 2026 reclassifications and submissions because it will expressly extend the Complaint to the very

similar actions EPA took after Plaintiff filed this suit—actions Plaintiff anticipated, in the original Complaint, that EPA might take. *E.g.*, ECF 1 ¶ 115. The claims California seeks to bring concerning the July 2026 agency actions are the same claims, asserted against the same Defendants, that it brought in its original Complaint, but regard specific factual developments that took place after the date of that initial pleading. Allowing California to supplement its complaint with facts and claims concerning these subsequent events will therefore "promote judicial economy and prevent a balkanized resolution to" this dispute. *Competitive Enter. Inst. v. McCarthy*, No. 21-1238, 2021 WL 9937858, at *3 (D.D.C. Oct. 7, 2021); *Galen Hosp. Alaska, Inc. v. Azar*, 474 F. Supp. 3d 214, 229 (D.D.C. 2020) ("[A]llowing the plaintiffs to file a supplemental complaint . . . would 'promote the economic and speedy disposition of the entire controversy between the parties' by ensuring that the Complaint reflects the most recent relevant events in this action."). Courts should "freely grant a party's request to file a supplemental pleading" where, as here, "the supplemental facts connect it to the original pleading." *Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli*, 213 F.R.D. 63, 66 (D.D.C. 2003); *see also id.* (Rule 15(d) is designed to "give a party 'every opportunity to join all of [its] grievances against another party regardless of when they arose." (quoting *Matthew Bender & Co. v. West Publ'g Co.*, No. 94-0589, 1995 WL 702389, at *2 (S.D.N.Y. Nov. 28, 1995)).

Conversely, denying California leave to supplement would require it to bring these claims in a separate action, contrary to the interests of judicial economy and convenience. *The Fund for Animals v. Hall*, 246 F.R.D. 53, 55 (D.D.C. 2007) ("The interests of judicial economy and convenience would be served where, as here, the plaintiffs' motion to supplement their complaint raises similar legal issues to those already before the court, thereby averting a separate, redundant lawsuit."); *Thorp v. District of Columbia*, 325 F.R.D. 510, 514 (D.D.C. 2018) ("Ordinarily, the 'strongest argument' in favor of allowing leave to file a supplemental complaint is 'judicial economy.'" (quoting *Health Ins. Ass'n of Am.*, 213 F.R.D. at 66)).

## II. GRANTING LEAVE TO SUPPLEMENT WILL NOT CAUSE UNDUE DELAY OR TRIAL INCONVENIENCE.

Granting California leave to supplement its Complaint will not delay this case or cause inconvenience because the case is still in beginning stages—indeed, no administrative record has been filed and no schedule has been set for briefing summary judgment motions or trial. *Fund for Animals*, 246 F.R.D. at 55 (finding that "the current stage of the proceedings d[id] not weigh against granting" motion to supplement, even four years after the original complaint, because "the defendants ha[d] not yet filed the administrative record for the parties' anticipated renewed filing of summary judgment motions"); *Djourabchi v. Self*, 240 F.R.D. 5, 13-14 (D.D.C. 2006) (finding that motion to amend complaint was "not proposed so late in the litigation that defendant will be required to engage in significant new preparation, because the Court has yet to order discovery"); *see also Thorp*, 325 F.R.D. at 512, 514 (denying motion to supplement where discovery had "already lasted more than 19 months" and parties had fully briefed cross-motions for summary judgment). Nor will the supplementary claims cause unnecessary inconvenience because the original Complaint contemplated additional unlawful actions by EPA and the claims present the same legal theories as the original Complaint, simply extended, expressly, to EPA's post-complaint actions. *Djourabchi*, 240 F.R.D. at 13-14 ("[I]t is unlikely that the addition of this count will significantly complicate or lengthen the trial, because the issues raised . . . are not remote to plaintiffs' other claims. . . .").

Nor has California delayed in filing this motion. Defendants took their additional actions less than two months ago. And California has sought to *avoid* delay. It sought to avoid complicating resolution of the preliminary injunction motion filed before the events that require supplementation. In fact, during the meet and confer concerning this motion for leave to supplement, Defendants and Intervenors indicated they would not consent to any action by Plaintiff that would moot the then-pending motions to dismiss. While Plaintiff does not believe the nature of the supplementation requested here would have had that effect, Plaintiff's filing of this motion after the Court resolved Plaintiff's preliminary injunction motion and the motions to dismiss ensured no question about mootness of those motions would arise.

California continues to seek to prevent delay by bringing this motion less than 48 hours after resolution of the preliminary injunction motion and motions to dismiss. *McCarthy*, 2021 WL 9937858, at *3 (plaintiff "filed its Rule 15(d) motion only shortly after the predicate events that motivated [plaintiff's] supplemental allegations," thus "demonstrat[ing] that [plaintiff's] Rule 15(d) motion is not the product of undue delay or bad faith"); *see also van der Stelt*, 774 F. Supp. at 127 n.25 (allowing supplementation even where plaintiff waited eight months after allegedly retaliatory conduct to add it to her complaint).

## III. Granting Leave to Supplement Will Not Prejudice the Rights of Any Other Parties to the Action.

Granting California leave to supplement its Complaint will not prejudice Defendants or Intervenors. "To demonstrate 'prejudice sufficient to justify a denial of leave to [supplement,] the opposing party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [supplement] been timely.'" *Cause of Action Inst. v. U.S. Dep't of Justice*, 282 F. Supp. 3d 66, 74 (D.D.C. 2017) (quoting *Butler v. White*, 67 F. Supp. 3d 59, 67-68 (D.D.C. 2014)). "[M]ere harm to the non-movant" is not enough to show prejudice. *Id.* (quoting *Dove v. Wash. Metro. Area Transit Auth.*, 221 F.R.D. 246, 248 (D.D.C. 2004)).

California's proposed supplement to its Complaint will not disadvantage or deprive Defendants or Intervenors of the opportunity to present facts or evidence. As discussed above, the administrative records have not yet been filed, and no briefing schedule has been set for summary judgment. Further, California's new proposed causes of action mirror those asserted in the original Complaint. *See Jones v. Bernanke*, 685 F. Supp. 2d 31, 42 (D.D.C. 2010) (finding that defendant was not prejudiced where "the plaintiff's proposed supplemental claims represent a continuation of claims asserted in the plaintiff's complaint"); *Powell v IRS*, 263 F. Supp. 3d 5, 7 (D.D.C. 2017) ("The Court can see no prejudice to Defendants as the newest claim is 'closely related to the claim[] already before the [C]ourt[.]'" (quoting *Fund for Animals*, 246 F.R.D. at 55)).

Moreover, Defendants had notice, at the time they purported to reclassify and submit two additional waivers in July 2026, that the relief California prayed for in its initial Complaint would have barred Defendants from taking those additional reclassification and submission actions. ECF 1 at 29 ¶¶ F, G (Prayer for Relief). They can hardly claim to be surprised by the new causes of action. *Cause of Action Inst.*, 282 F. Supp. 3d at 73 (courts have granted motions to supplement "where defendants could not demonstrate surprise because they were aware of the issue or allegations sought to be added").

## CONCLUSION

California respectfully submits that this motion for leave to supplement will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party to the action. It should therefore be "freely granted," *Hall*, 437 F.3d at 101, and California should be given one business day from the Court's order granting this motion to file its supplemental Complaint.

Dated: September 4, 2026

Respectfully Submitted,

ROB BONTA
Attorney General of California
MYUNG PARK
DAVID ZAFT
Supervising Deputy Attorneys General

*/s/ M. Elaine Meckenstock*
M. ELAINE MECKENSTOCK
NATALIE COLLINS
KATHERINE GAUMOND
Office of the Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0299
Email: Elaine.Meckenstock@doj.ca.gov

*Counsel for Plaintiff State of California*

# EXHIBIT LIST

**Exhibit A**: Plaintiff's proposed Supplemental Complaint

**Exhibit B**: A redline comparison of the proposed and original complaints

**Exhibit C**: Plaintiff's proposed motion for a second preliminary injunction

**Exhibit D**: EPA's submission of the "At-Berth" waiver to Congress

**Exhibit E**: EPA's submission of the "Commercial Harbor Craft" or CHC waiver to Congress