# EXHIBIT E

# Case No. 1:26-cv-02185-BAH

EPW

EC04159

**OFFICE OF POLICY AND REGULATORY MANAGEMENT**

WASHINGTON, D.C. 20460

**July 22, 2026**

**TO:** The Honorable JD Vance
President of the Senate
The Capitol, S-212
Washington, D.C. 20510

**FROM:** U.S. Environmental Protection Agency
1200 Pennsylvania Ave., NW 1803A
Washington, DC 20460

Dear Mr. Vice President,

EPA is submitting the following final rules "to each House of the Congress and to the Comptroller General," for their review under 5 U.S.C. 801(a).

We have also enclosed the required report that incorporates a concise general statement relating to the document. The report also indicates EPA's compliance with relevant statutes and executive orders, as applicable.

If you have any questions regarding this submission, please feel free to contact me at 202-564-8497.

Sincerely yours,

Melissa Kramer

Melissa Kramer
Acting Branch Chief
Regulatory Management Branch

Enclosures

OFFICIAL COMMUNICATION
Received On
JUL 22 2026
in the Office of the
President of the Senate

**TITLE(S) OF DOCUMENTS**:

1. (10787-03-OAR) California State Nonroad Engine Pollution Control Standards; Ocean-Going Vessels At-Berth; Notice of Decision
2. (11541-01-OAR) California State Nonroad Engine Pollution Control Standards; Commercial Harbor Craft Regulations; Notice of Decision

# DOCUMENT FOR CONGRESSIONAL REVIEW UNDER THE SMALL BUSINESS REGULATORY ENFORCEMENT FAIRNESS ACT OF 1996

**Date of Document**: July 22, 2026

1. **Name of Agency:** U.S. Environmental Protection Agency
2. **Office:** Office of Policy
3. **Action Title:** California State Nonroad Engine Pollution Control Standards; Commercial Harbor Craft Regulations; Notice of Decision
4. **Concise, General Statement of the Document:** In the rule
5. **Other Unique Identifier:** 11541-01-OAR
6. **This rule is a:** Final Rule
7. **Statutory Authorization**: Section 209 of the Clean Air Act
8. **Major Rule under CRA**: N/A
9. **Proposed Effective Date**: N/A

   **Compliant with 5 U.S.C. §801(a)(3)(A)**: N/A

   A. **Cost/Benefit Analysis Prepared**: N/A
   B. **Certification under 5 U.S.C. §605(b):** N/A

      **Preparation of FRFA under 5 U.S.C. §604(a):** N/A
   C. **Written Statement under §202 of the Unfunded Mandates Reform Act:** N/A
   D. **Public Comments Solicited:** Yes; 88 FR 16439 (March 17, 2023).
   E. **Information Collection under the Paperwork Reduction Act:** No
   F. **Discussion of Executive Order 12866**: Yes

      **Discussion of Executive Order 13132:** No

      **Other Executive Order or Administrative Statute requirements:** No
10. **GAO Database Modernization Act of 2023:** N/A

CARB determined that these standards and accompanying enforcement procedures do not cause California's standards, in the aggregate, to be less protective to public health and welfare than the applicable Federal standards. The administrative record, including information presented to me by parties opposing California's authorization request, did not demonstrate that California arbitrarily or capriciously reached this protectiveness determination. Therefore, based on the record, I cannot find California's determination to be arbitrary and capricious under section 209(e)(2)(A)(i).

CARB has demonstrated the existence of compelling and extraordinary conditions justifying the need for such State standards. The administrative record, including information presented to me by parties opposing California's authorization request, did not demonstrate that California does not need such State standards to meet compelling and extraordinary conditions. Thus, based on the record, I cannot deny the authorization based on section 209(e)(2)(A)(ii).

CARB has submitted information that its emission standards and test procedures are consistent with section 209(a), section 209(e)(1), and section 209(b)(1)(C) of the Act. The administrative record, including information presented to me by parties opposing California's authorization request, did not satisfy the burden of persuading EPA that the standards are not consistent with section 209. Thus, based on the record, I cannot deny the authorization based on section 209(e)(2)(A)(iii).

Accordingly, I hereby granted the authorization requested by California.

Section 307(b)(1) of the CAA governs judicial review of final actions by the EPA. Petitions for review must be filed by March 11, 2025.

As with past authorization decisions, this action is not a rule as defined by Executive Order 12866. Therefore, it is exempt from review by the Office of Management and Budget as required for rules and regulations by Executive Order 12866.

In addition, this action is not a rule as defined in the Regulatory Flexibility Act, 5 U.S.C. 601(2). Therefore, EPA has not prepared a supporting regulatory flexibility analysis addressing the impact of this action on small business entities.

The Congressional Review Act, 5 U.S.C. 801 *et seq.*, as added by the Small Business Regulatory Enforcement Fairness Act of 1996, does not apply because this action is not a rule, for purposes of 5 U.S.C. 804(3).

**Jane Nishida,**

*Acting Administrator.*

[FR Doc. 2025–00252 Filed 1–8–25; 8:45 am]

**BILLING CODE 6560–50–P**

---

## ENVIRONMENTAL PROTECTION AGENCY

**[EPA–HQ–OAR–2023–0153; FRL–11541–01–OAR]**

## California State Nonroad Engine Pollution Control Standards; Commercial Harbor Craft Regulations; Notice of Decision

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Notice of decision.

**SUMMARY:** The Environmental Protection Agency ("EPA") is providing notice of its decision to partially grant the California Air Resources Board's ("CARB's") request for an authorization of amendments adopted in 2022 to its Commercial Harbor Craft ("CHC") regulation (the "2022 CHC Amendments"). EPA's decision was issued under the authority of section 209 of the Clean Air Act ("CAA" or "Act").

**DATES:** Petitions for review must be filed by March 11, 2025.

**ADDRESSES:** EPA has established a docket for this action under Docket ID EPA–HQ–OAR–2023–0153. All documents relied upon in making this decision, including those submitted to EPA by CARB, are contained in the public docket. Publicly available docket materials are available either electronically through *www.regulations.gov* or in hard copy at the EPA Docket Center, WJC West Building, Room 3334, 1301 Constitution Avenue NW, Washington, DC 20004. The Docket Center's hours of operation are 8:30 a.m. to 4:30 p.m.; generally, it is open Monday through Friday, except Federal holidays. The electronic mail (email) address for the EPA Docket Center: *a-and-r-Docket@epa.gov.* An electronic version of the public docket is available through the Federal government's electronic public docket and comment system. You may access EPA dockets at *http://www.regulations.gov.* After opening the *www.regulations.gov* website, enter EPA–HQ–OAR–2023–0153 in the "Enter Keyword or ID" fill-in box to view documents in the record. Although a part of the official docket, the public docket does not include Confidential Business Information ("CBI") or other information whose disclosure is restricted by statute.

EPA's Office of Transportation and Air Quality ("OTAQ") maintains a web page that contains general information on its review of California waiver and authorization requests. Included on that page are links to prior waiver **Federal Register** notices, some of which are cited in this notice; the page can be accessed at: *https://www.epa.gov/state-and-local-transportation/vehicle-emissions-california-waivers-and-authorizations.*

**FOR FURTHER INFORMATION CONTACT:** Michael Samulski, Office of Transportation and Air Quality, U.S. Environmental Protection Agency, 2000 Traverwood Drive, Ann Arbor, Michigan 48105. Telephone: 734–214–4532. Email: *California-Waivers-and-Authorizations@epa.gov.*

**SUPPLEMENTARY INFORMATION:** On March 17, 2023, EPA published a **Federal Register** notice announcing its receipt of CARB's authorization request for the 2022 CHC Amendments. In that notice, EPA invited public comment on California's authorization request and an opportunity to present testimony at a public hearing.[1] On April 27, 2023, EPA announced that a public hearing would be held.[2] EPA held a public hearing on June 1, 2023, and the written comment period closed on July 1, 2023.[3] EPA has considered all comments submitted to the public docket on this matter.

On January 6, 2025, I signed a Decision Document granting California a partial authorization pursuant to section 209(e)(2)(A) of the CAA, as amended, 42 U.S.C. 7543(e)(2)(A), for CARB's 2022 CHC Amendments.[4]

The 2022 CHC Amendments apply to engines on most types of harbor craft that operate in California and add several categories that were not included in CARB's regulation (pilot boats, research vessels, workboats, commercial fishing, commercial passenger fishing, and certain tank

---

[1] 88 FR 16439 (March 17, 2023).

[2] 88 FR 25636 (April 27, 2023).

[3] A transcript of the public hearing is located at EPA–HQ–OAR–2023–0153, and all written comments are also located at *regulations.gov* at EPA–HQ–OAR–2023–0153.

[4] The Decision Document can be found at EPA–HQ–OAR–2023–0153. EPA's authorization decision includes the entire 2022 amendment regulatory text that can be found in CARB's January 31, 2023, authorization request (the CHC Authorization Support Document) found at EPA–HQ–OAR–2023–0153–0004. (CARB's entire authorization to EPA is found at EPA–HQ–OAR–2023–0153). The specific regulatory provisions under EPA's authorization consideration and included in this decision can be found at footnote 1 to the CHC Authorization Support Document.

barges). The 2022 CHC Amendments create new emission standards and compliance dates that are different depending on vessel category and, for existing vessels, engine model year.

Zero-Emission and Advanced Technology ("ZEAT") requirements apply to new and in-use ferries and new excursion vessels and phase in beginning December 31, 2024.[5] The owners of these boats are also subject to an infrastructure requirement.[6]

For other harbor craft, both new and existing, the 2022 CHC Amendments set engine requirements that are equivalent in stringency to: (1) the most stringent Federal marine engine standard (Federal Tier 3 or Tier 4 marine standards) or California or Federal offroad engine standards (California or Federal Final Tier 4 off-road engine standards) that were in effect at the time any of the aforementioned actions occur and that are applicable to new engines with the same power ratings and displacements as the subject propulsion and auxiliary engines, and (2) reflect the addition of a level 3 Verified Diesel Emission Control Strategy ("VDECS"), such as a verified diesel particulate filter ("DPF"). The exception is for engines on existing commercial fishing vessels, which are subject to less stringent emission standards.[7] The compliance dates for new vessels are a function of the date the vessel is built.[8] For existing vessels, the compliance dates are a function of the engine model year;[9] after that date a non-compliant vessel may no longer be operated in the regulated waters of California. The 2022 CHC Amendments also provide compliance extensions for qualified vessels. The length of the extensions depends on the vessel type. Some provisions can provide extensions for those situations where no certified engines and/or level 3 VDECS are available or they are not well suited for specific vessels.

Section 209(e)(1) of the Act permanently preempts any State, or political subdivision thereof, from adopting or attempting to enforce any standard or other requirement relating to the control of emissions for certain new nonroad engines or vehicles.[10] For all other nonroad engines (including "non-new" engines), States generally are preempted from adopting and enforcing standards and other requirements relating to the control of emissions, except that section 209(e)(2)(A) of the Act requires EPA, after notice and opportunity for public hearing, to authorize California to adopt and enforce such regulations unless EPA makes one of three enumerated findings. Specifically, EPA must deny authorization if the Administrator finds that (1) California's protectiveness determination (*i.e.*, that California standards will be, in the aggregate, as protective of public health and welfare as applicable Federal standards) is arbitrary and capricious, (2) California does not need such standards to meet compelling and extraordinary conditions, or (3) the California standards and accompanying enforcement procedures are not consistent with section 209 of the Act.

On July 20, 1994, EPA promulgated a rule (the 1994 rule) interpreting the three criteria set forth in section 209(e)(2)(A) that EPA must consider before granting any California authorization request for nonroad engine or vehicle emission standards.[11] EPA revised these regulations in 1997.[12] As stated in the preamble to the 1994 rule, EPA has interpreted the consistency inquiry under the third criterion, outlined above and set forth in section 209(e)(2)(A)(iii), to require, at minimum, that California standards and enforcement procedures be consistent with section 209(a), section 209(e)(1), and section 209(b)(1)(C) of the Act.[13] In order to be consistent with section 209(a), California's nonroad standards and enforcement procedures must not apply to new motor vehicles or new motor vehicle engines. To be consistent with section 209(e)(1), California's nonroad standards and enforcement procedures must not attempt to regulate engine categories that are permanently preempted from State regulation. To determine consistency with section 209(b)(1)(C), EPA typically reviews nonroad authorization requests under the same "consistency" criteria that are applied to motor vehicle waiver requests under section 209(b)(1)(C). That section provides that the Administrator shall not grant California a motor vehicle waiver if the Administrator finds that California "standards and accompanying enforcement procedures are not consistent with section 202(a)" of the Act.

CARB determined that the 2022 CHC Amendments and accompanying enforcement procedures do not cause California's standards, in the aggregate, to be less protective to public health and welfare than the applicable Federal standards. The administrative record, including information presented to me by parties opposing California's authorization request, did not demonstrate that California arbitrarily or capriciously reached this protectiveness determination. Therefore, based on the record, I cannot find California's determination to be arbitrary and capricious under section 209(e)(2)(A)(i).

CARB has demonstrated the existence of compelling and extraordinary conditions justifying the need for such State standards. The administrative record, including information presented to me by parties opposing California's authorization request, did not demonstrate that California does not need such State standards to meet compelling and extraordinary conditions. Thus, based on the record, I cannot deny the authorization based on section 209(e)(2)(A)(ii).

CARB has submitted information that its emission standards and test procedures are consistent with section 209(a), section 209(e)(1), and section 209(b)(1)(C) of the Act. The administrative record, including information presented to me by parties opposing California's authorization request, did not satisfy the burden of persuading EPA that the standards are not consistent with section 209. Thus, based on the record, I cannot deny the authorization based on section 209(e)(2)(A)(iii).

As described in the Decision Document,[14] EPA is granting California authorization for the 2022 CHC Amendments with the following exceptions: (a) at this time, EPA is not taking any action regarding the 2022 CHC Amendments as they pertain to the ZEAT standards for in-use short run

[5] California Code of Regulations Section 93118.5(e)(10).

[6] California Code of Regulations Section 93118.5(i).

[7] California Code of Regulations Section 93118.5(e)(13).

[8] California Code of Regulations Section 93118.5(e)(8, 9).

[9] California Code of Regulations Section 93118.5(e)(12).

[10] States are expressly preempted from adopting or attempting to enforce any standard or other requirement relating to the control of emissions from new nonroad engines which are used in construction equipment or vehicles or used in farm equipment or vehicles and which are smaller than 175 horsepower. Such express preemption under CAA section 209(e)(1) also applies to new locomotives or new engines used in locomotives.

[11] See "Air Pollution Control; Preemption of State Regulation for Nonroad Engine and Vehicle Standards," 59 FR 36969 (July 20, 1994).

[12] See "Control of Air Pollution: Emission Standards for New Nonroad Compression-Ignition Engines at or Above 37 Kilowatts; Preemption of State Regulation for Nonroad Engine and Vehicle Standards; Amendments to Rules," 62 FR 67733 (December 30, 1997). The applicable regulations are now found in 40 CFR part 1074, subpart B, Part 1074.

[13] EPA has interpreted CAA section 209(b)(1)(C) in the context of section 209(b) motor vehicle waivers.

[14] The Decision Document can be found at EPA–HQ–OAR–2023–0153.

ferries;[15] and (b) at this time, EPA is not taking any action regarding the 2022 CHC Amendments as they pertain to standards for in-use engines and vessels (excluding commercial fishing vessels)[16] that would apply after the expiration of the feasibility extensions when an engine or DPF is not feasible and the owner cannot afford vessel replacement ("E3").[17] However, EPA's authorization does cover the provisions related to VDECS that are installed on an in-use vessel at any time.[18]

Accordingly, I hereby granted the authorization requested by California, with the exceptions noted above.

Section 307(b)(1) of the CAA governs judicial review of final actions by the EPA. Petitions for review must be filed by March 11, 2025.

As with past authorization decisions, this action is not a rule as defined by Executive Order 12866. Therefore, it is exempt from review by the Office of Management and Budget as required for rules and regulations by Executive Order 12866.

In addition, this action is not a rule as defined in the Regulatory Flexibility Act, 5 U.S.C. 601(2). Therefore, EPA has not prepared a supporting regulatory flexibility analysis addressing the impact of this action on small business entities.

The Congressional Review Act, 5 U.S.C. 801 *et seq.*, as added by the Small Business Regulatory Enforcement Fairness Act of 1996, does not apply because this action is not a rule, for purposes of 5 U.S.C. 804(3).

**Jane Nishida,**

*Acting Administrator.*

[FR Doc. 2025–00465 Filed 1–8–25; 8:45 am]

BILLING CODE 6560–50–P

## ENVIRONMENTAL PROTECTION AGENCY

**[EPA–HQ–OAR–2024–0030; FRL–10891–02–OAR]**

## California State Nonroad Engine Pollution Control Standards; In-Use Diesel-Fueled Transport Refrigeration Units (TRU) and TRU Generator Sets; Notice of Decision

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Notice of decision.

**SUMMARY:** The Environmental Protection Agency ("EPA") is providing notice of its decision to partially grant the California Air Resources Board's ("CARB's") request for an authorization of amendments to its In-Use Diesel-Fueled Transport Refrigeration Units (TRU) and TRU Generator Sets (collectively, "TRU") regulations ("2022 TRU Amendments"). EPA's decision was issued under the authority of section 209 of the Clean Air Act ("CAA" or "Act").

**DATES:** Petitions for review must be filed by March 11, 2025.

**ADDRESSES:** EPA has established a docket for this action under Docket ID EPA–HQ–OAR–2024–0030. All documents relied upon in making this decision, including those submitted to EPA by CARB, are contained in the public docket. Publicly available docket materials are available either electronically through *www.regulations.gov* or in hard copy at the EPA Docket Center, WJC West Building, Room 3334, 1301 Constitution Avenue NW, Washington, DC 20004. The Docket Center's hours of operation are 8:30 a.m. to 4:30 p.m.; generally, it is open Monday through Friday, except Federal holidays. The electronic mail (email) address for the EPA Docket is: *a-and-r-Docket@epa.gov*. An electronic version of the public docket is available through the Federal government's electronic public docket and comment system. You may access EPA dockets at *http://www.regulations.gov*. After opening the *www.regulations.gov* website, enter EPA–HQ–OAR–2024–0030 in the "Enter Keyword or ID" fill-in box to view documents in the record. Although a part of the official docket, the public docket does not include Confidential Business Information ("CBI") or other information whose disclosure is restricted by statute.

EPA's Office of Transportation and Air Quality ("OTAQ") maintains a web page that contains general information on its review of California waiver and authorization requests. Included on that page are links to prior waiver and authorization **Federal Register** notices; the page can be accessed at: *https://www.epa.gov/state-and-local-transportation/vehicle-emissions-california-waivers-and-authorizations*.

**FOR FURTHER INFORMATION CONTACT:** Brian Nelson, Office of Transportation and Air Quality, Office of Transportation and Air Quality, U.S. Environmental Protection Agency, 2000 Traverwood Drive, Ann Arbor, MI 48105. Telephone: 734–214–4278. Email: *California-Waivers-and-Authorizations@epa.gov*.

**SUPPLEMENTARY INFORMATION:** On April 26, 2024, EPA published a **Federal Register** notice announcing its receipt of CARB's authorization request. In that notice, EPA invited public comment on California's authorization request and an opportunity to present testimony at a public hearing.[1] EPA held a public hearing on May 16, 2024, and the written comment period closed on June 19, 2024.[2] EPA has considered all comments submitted to the public docket on this matter.

On January 3, 2025, I signed a Decision Document granting California a partial authorization pursuant to section 209(e)(2)(A) of the CAA, as amended, 42 U.S.C. 7543(e)(2)(A), for CARB's 2022 amendments to CARB's In-Use Diesel-Fueled TRU and TRU Generator Sets (collectively, "TRU") regulations (the "2022 TRU Amendments").[3] These amendments contain several provisions including, but not limited to, a requirement that certain TRUs manufactured after a certain date use a refrigerant less than or equal to a specified global warming potential (GWP), a requirement that non-truck TRUs meet specified particulate matter (PM) standards, a requirement that TRU owners transition a percentage of their diesel-fueled truck TRU fleet to zero-emission technology refrigeration units (ZETRU), and a requirement that owners of certain facilities are subject to registration and reporting requirements. A comprehensive description of California's 2022 TRU Amendments can be found in the Decision Document for this authorization and in materials submitted to the Docket by CARB. As described in the Decision Document, this authorization encompasses all of the regulations in CARB's 2022 TRU Amendments except the requirement for TRU owners to turnover at least 15 percent of their diesel-fueled truck TRU fleet to ZETRU by December 31, 2023, and each year thereafter.

CAA section 209(e)(1) permanently preempts any state, or political subdivision thereof, from adopting or attempting to enforce any standard or other requirement relating to the control of emissions for certain new nonroad engines or vehicles.[4] For all other

[15] See provisions in CCR Title 13, Section 93118.5(e)(10) specific to in-use short-run ferries.

[16] CCR Title 13, Section 93118.5(e)(12)(A) through (e)(12)(D).

[17] CCR Title 13, Section 93118.5(e)(12)(E)(3).

[18] CCR Title 13, Section 93118.5(e)(12)(F).

[1] 89 FR 32422 (April 26, 2024).

[2] A transcript of the public hearing is located at EPA–HQ–OAR–2024–0030–0017, and all written comments are also located at regulations.gov at EPA–HQ–OAR–2024–0030.

[3] EPA's Decision Document can be found at EPA–HQ–OAR–2024–0030. The entire 2022 amendment regulatory text for TRU can be found in CARB's December 29, 2022, authorization request (the TRU Final Regulation Order) found at EPA–HQ–OAR–2024–0030–0004. (CARB's entire authorization request to EPA is found at EPA–HQ–OAR–2024–0030).

[4] States are expressly preempted from adopting or attempting to enforce any standard or other