**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STATE OF CALIFORNIA,

*Plaintiff,*

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, and LEE ZELDIN, in his official capacity as Administrator of the U.S. Environmental Protection Agency,

*Defendants*,

and

AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, and
AMERICAN PETROLEUM INSTITUTE,

*Defendant-Intervenors*.

Case No. 1:26-cv-02185-BAH

**PLAINTIFF'S MEMORANDUM**
**IN SUPPORT OF SECOND MOTION FOR PRELIMINARY INJUNCTION**
**OR STAY UNDER 5 U.S.C. § 705**

## INTRODUCTION

This Court has issued a preliminary injunction and stay concerning actions the United States Environmental Protection Agency (EPA) took to reclassify Clean Air Act preemption waivers as "rules" purportedly subject to the Congressional Review Act (CRA). ECF 45. That injunction specifically identifies four Clean Air Act preemption waivers EPA reclassified in June 2026 but also directs EPA to take (or not take) certain actions as to "other such reclassifications." *Id.* at 2. Having supplemented the Complaint to specifically challenge two additional reclassification actions EPA took in July 2026, California now seeks a preliminary injunction and stay that expressly provides the State with the same relief with respect to EPA's July actions as this Court has provided as to EPA's earlier actions.

## BACKGROUND

For the background of this case preceding July 22, 2026, California incorporates by reference its Memorandum of Law in Support of Motion for Preliminary Injunction or Stay Under 5 U.S.C. § 705. ECF 13-1 at 3-15.

On July 22, 2026, after California had filed this suit (ECF 1) and moved this Court for a preliminary injunction (ECF 13), EPA issued an additional press release announcing that it had "determined" that two additional Clean Air Act preemption waivers granted to California were "rule[s]" (Reclassifications) and had transmitted the waivers to Congress as though they were subject to the Congressional Review Act (CRA) (Submissions). ECF 48 ¶ 9. The two waivers are:

- A 2023 waiver authorizing enforcement of the 2020 amendments to California's regulations pertaining to ocean-going vessels "at-berth" (i.e., docked at certain California ports), 88 Fed. Reg. 72,461 (Oct. 20, 2023).
- A 2025 waiver authorizing enforcement of the 2023 amendments to California's commercial harbor craft regulations, 90 Fed. Reg. 1998 (Jan. 10, 2025).

On August 19, 2026, this Court heard oral argument on California's motion for preliminary injunction and EPA's and Intervenors' motions to dismiss the original complaint. On

September 2, 2026, this Court denied those motions to dismiss, and granted California's motion for preliminary injunction. ECF 45. The Court ordered EPA to restore the status quo as it existed before the June 12, 2026 press release as to the four preemption waiver orders referenced in that order and to withdraw or correct the reclassification of those four waiver orders and other such reclassifications. *Id.* The Court also enjoined and stayed EPA from giving effect to the reclassification of the four waiver orders and other such reclassifications. *Id.*

On September 4, 2026, California moved to supplement the Complaint with facts concerning EPA's July reclassifications and submissions and with two additional claims that mirror the claims stated in the original Complaint concerning the earlier reclassifications and submissions. This Court granted leave, and California filed a supplemental Complaint. ECF 48.

Although, as noted above, the Court's September 2 order grants California relief with respect to "other such reclassifications," ECF 45 at 2, California now seeks a preliminary injunction that expressly addresses EPA's July actions and expressly requires EPA to restore the status quo as to the July reclassifications to the same, full extent it must do as to the June Reclassifications.

**ARGUMENT**

California incorporates by reference its Memorandum of Law in Support of Motion for Preliminary Injunction or Stay Under 5 U.S.C. § 705, and asks this Court to decide this motion based on that prior briefing. ECF 13-1 at 15-33; ECF 26 at 1-25; ECF 36 at 1-17. California recognizes that EPA's July actions will have different administrative records than EPA's June actions, and involve different waivers. However, those distinctions are not material to the issues presented in the prior preliminary injunction motion or in this motion. Thus, California believes the Court can resolve this preliminary injunction motion as it did the first one and based on the briefing for that earlier motion. Nothing about EPA's July reclassifications could alter the Court's conclusions that it has jurisdiction to review EPA's reclassifications (ECF 46 at 34-46); that those actions raise no political question (*id.* at 58 n.14); that those actions are final (*id.* at 58-60); and that those actions are likely unlawful (*id.* at 60-65). Similarly, the injuries this Court

concluded support California's standing and irreparable injury apply equally to EPA's July actions. ECF 46 at 49-58, 65-68. Finally, this Court's balancing of the equities concerning the June reclassifications is fully applicable to the July actions. *Id.* at 68-70.

It is California's understanding, from the parties' meet and confer, that EPA and Intervenors are likewise willing to have the Court decide this second preliminary injunction motion based on the parties' earlier briefing, in the interest of judicial and party economy. EPA and Intervenors reserved their right to make a final decision concerning that until they saw California's motion and ascertained whether it did, in fact, contain any new argument.[1]

**CONCLUSION**

California respectfully requests that the Court issue an injunction expressly referencing EPA's July actions, as its initial order did as to EPA's June actions.

Dated: September 9, 2026

Respectfully Submitted,

ROB BONTA
Attorney General of California
MYUNG PARK
DAVID ZAFT
Supervising Deputy Attorneys General

*/s/ M. Elaine Meckenstock*
M. ELAINE MECKENSTOCK
NATALIE COLLINS
KATHERINE GAUMOND
*Deputy Attorneys General*
Office of the Attorney General
1515 Clay Street, 20th Floor
P.O. Box. 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0299
Email: Elaine.Meckenstock@doj.ca.gov

*Counsel for Plaintiff State of California*

[1] Should Defendants or Intervenors advance additional argument, despite the representations during the parties' meet and confer, California reserves the right to reply.