**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>*Plaintiff*,<br><br>v.<br><br>LEE ZELDIN, in his official capacity as U.S. Environmental Protection Agency Administrator, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Defendants*,<br><br>and<br><br>AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS AND AMERICAN PETROLEUM INSTITUTE,<br><br>*Intervenor-Defendants*. | Civil Action No.: 1:26-cv-02185-BAH |

**AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS AND AMERICAN PETROLEUM INSTITUTE'S RESPONSE TO THE COURT'S SEPTEMBER 12, 2026 MINUTE ORDER**

Intervenor-Defendants American Fuel & Petrochemical Manufacturers ("AFPM") and American Petroleum Institute ("API") respectfully submit this response to the Court's September 12, 2026 Minute Order directing Intervenor-Defendants to "submit . . . a notice as to whether [Intervenor-Defendants'] position differs in any way from that of EPA."[1] Intervenor-Defendants

[1] Intervenor-Defendants note that this response was ordered on Rosh Hashanah, the first of the Jewish High Holidays, and the Saturday-order provided Intervenor-Defendants approximately four hours to respond.

disagree with the Court's characterization of Intervenor-Defendants and their conferral with Plaintiff.

Before turning to that course of events, however, Intervenor-Defendants' note, at the Court's request, that their position is consistent with U.S. Defendants' position. Intervenor-Defendants do not intend to file an opposition to Plaintiff's Motion for Expedited Ruling on its Second Preliminary Injunction Motion, Dkt. 53. However, Intervenor-Defendants agree with U.S. Defendants that the United States House of Representatives' announcement fails to provide a basis for expedition because, "as all parties agree . . . the 'Court lacks power to compel Congress to return or disregard the reports or to otherwise preclude the legislature from passing a resolution of disapproval.'" Dkt. 53-1 at 2 n.2 (quoting *California v. EPA,* No. 26-CV-2185 (BAH), 2026 WL 2593640, at *26 (D.D.C. Sept. 2, 2026)).

Intervenor-Defendants note that they have been responsive to each of Plaintiff's requests for conferral and have not remained elusive or failed to provide explanation. Counsel for Intervenor-Defendants have provided prompt, often same-day responses. But counsel for Intervenor-Defendants' must also be afforded sufficient time to confer with their clients.

Here, Plaintiff sent an email requesting Intervenor-Defendants' and U.S. Defendants' positions on Plaintiff's planned Motion to Expedite at 2:44 PM ET on Friday, September 11, 2026, the same afternoon that Plaintiff ultimately filed the motion. Counsel for Intervenor-Defendants were still conferring when Plaintiff indicated, roughly four hours later at 7:11 PM ET that Plaintiff was "going to go ahead and file shortly (a bit earlier than planned), in light of the Court's [September 11, 2026 Minute Order directing the parties to meet and confer and submit a proposed

briefing schedule].” That same Minute Order, however, had directed the parties to propose a briefing schedule “by September 14, 2026 at 2 P.M.,” three days from then. Plaintiff nevertheless immediately filed.

Conferral regarding Plaintiff’s Second Motion for a Preliminary Injunction, Dkt. 49, was similar. Plaintiff sent an email on Sunday, September 6, 2026, the day before Labor Day, asking for Intervenor-Defendants’ and U.S. Defendants’ positions on their Second Motion for a Preliminary Injunction. On September 8, U.S. Defendants informed Plaintiff that they needed another day provide their position to Plaintiff. Plaintiff then asked for Intervenor-Defendants’ and U.S. Defendants’ positions by 5:00 PM ET on September 9. The parties conferred over video conference late in the afternoon on September 9, 2026, and Intervenor-Defendants’ and U.S. Defendants’ informed Plaintiff that they would strive to provide their position to Plaintiff the next day. Plaintiff then informed Intervenor-Defendants and U.S. Defendants via email that Plaintiff was going to file its motion anyway and would do so “shortly.” Plaintiff did so, filing on September 9. At the time of filing, counsel for Intervenor-Defendants had been conferring and even received final client sign-off, but Plaintiff had already filed.

As for Intervenor-Defendants’ position on Plaintiff’s Second Motion for a Preliminary Injunction, Intervenor-Defendants oppose Plaintiff’s request for a preliminary injunction for the reasons already set forth in Intervenor-Defendants’ briefing on Plaintiff’s first Preliminary Injunction Motion. *See* Dkt. 22-5; Dkt. 38. Intervenor-Defendants do not intend to seek additional briefing.

Dated: September 12, 2026

Respectfully submitted,

_/s/ Michael B. Schon_
Michael B. Schon
mike@lehotskycohn.com
Lehotsky Cohn LLP
200 Massachusetts Avenue, NW
Suite 700
Washington, DC 20001
Tel.: (512) 693-8350
Fax: (512) 727-4755

Katherine C. Yarger* (CO 40387)
Lehotsky Cohn LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lehotskycohn.com
Tel.: (512) 693-8350
Fax: (512) 727-4755

*Counsel for American Fuel & Petrochemical Manufacturers and American Petroleum Institute*

* Admitted *pro hac vice*; application for admission to D.D.C. submitted.

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document complies with Local Civil Rule 7 because it does not exceed 25 pages.

Dated: September 12, 2026

Respectfully submitted,

*/s/ Michael B. Schon*
Michael B. Schon

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2026, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

Dated: September 12, 2026

Respectfully submitted,

*/s/ Michael B. Schon*
Michael B. Schon