**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CALIFORNIA,<br>Plaintiff,<br>v.<br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br>Defendants. | Civil Action No. 26-cv-2185 (BAH)<br>Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**
**GRANTING SECOND MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff California filed the instant suit on June 22, 2026, asserting that defendants the United States Environmental Protection Agency (and its Administrator, in his official capacity) (collectively, "EPA") violated the Administrative Procedure Act ("APA"), or, in the alternative, engaged in *ultra vires* conduct in excess of statutory authority, by reclassifying on June 12, 2026, four of California's Clean Air Act ("CAA"), 42 U.S.C. § 7401 *et seq.*, Section 209(b) waiver orders as "rules" subject to the Congressional Review Act ("CRA"), 5 U.S.C. § 801 *et seq.* *See* Compl. ¶¶ 94-127, ECF No. 1. Following extensive briefing and a hearing on California's motion, as well as on motions to dismiss filed by EPA and defendant-intervenors American Petroleum Institute ("API") and American Fuel & Petrochemical Manufacturers ("AFPM"), the dismissal motions were denied and California's motion for a preliminary injunction was granted, on September 2, 2026, enjoining EPA "from taking any further action to reclassify California's CAA Section 209(b) waiver orders as 'rules,' as well as directed to take all necessary steps within the agency's control to restore the *status quo*, as it existed before EPA's June 12, 2026 press release, as to the four at-issue waiver orders, including to withdraw or correct EPA's June 12, 2026 press release regarding these same waiver orders." *California v. EPA*, No. 26-cv-2185 (BAH), 2026 U.S. Dist. LEXIS 198939, at *105 (D.D.C. Sept. 2, 2026).

The Memorandum Opinion accompanying the preliminary injunction order explained that "these Section 209(b) waivers are properly considered adjudicatory orders under the APA, and therefore under the CRA, for both procedural and substantive reasons." *Id.* at *94-95. "First, the procedure an agency employs dictates whether an agency action is a rule or an order, since, by definition, a rulemaking cannot lead to an order and an adjudication cannot lead to a rule." *Id.* at *95 (citations omitted). As a consequence of "this emphasis on the procedure used to reach an agency decision, agencies have not been empowered to transmogrify a rule into an order or an order into a rule without the appropriate form of process underlying the decision." *Id.* CAA Section 209(b) waiver orders are "promulgated by EPA, pursuant to an abbreviated process as outlined in the Clean Air Act and, as such, did not go through notice-and-comment rulemaking and thus cannot be rules." *Id.*

"Second, the California waivers have all the indicia of an order." *Id.* "To start, 'the nature of that proceeding reflects a highly fact-specific, case-by-case style characteristic of adjudication,'" *id.* at *95-96 (alterations accepted and internal quotation marks omitted) (quoting *Nat'l Biodiesel Bd. v. EPA*, 843 F.3d 1010, 1018 (D.C. Cir. 2016)), because "for each waiver, the EPA Administrator had to review California's determination and find that each determination was not 'arbitrary and capricious,' that California needed these 'standards to meet compelling and extraordinary conditions,' and that such 'standards and accompanying enforcement procedures are not inconsistent with' CAA Section 7521(a)," *id.* at *96 (quoting 42 U.S.C. § 7543(b)(1)). Finally, "[t]he fact that other States have the option, per CAA Section 177, to adopt regulatory emission standards approved by a Section 209(b) waiver order issued to California does not convert an order into a rule because, as the D.C. Circuit articulated, '[j]ust as a class action can encompass the claims of a large group of plaintiffs without thereby becoming a legislative proceeding, an

adjudication can affect a large group of individuals without becoming a rulemaking.'" *Id.* at *96-97 (quoting *Goodman v. FCC*, 182 F.3d 987, 994 (D.C. Cir. 1999)).

EPA's position that no reclassification of the waiver orders under the APA had occurred because "the only action taken—the determination that the waivers are rules—was embodied in the report submitted to Congress," was rejected. *Id.* at *47. After all, "the CRA defines the term 'rule' to have the same meaning as that provided by the APA but narrows that definition to exclude 'any rule of particular applicability,' 'any rule relating to agency management or personnel,' or 'any rule of agency organization, procedure, or practice that does not substantially affect the rights or obligations of non-agency parties.'" *Id.* at *48 (quoting 5 U.S.C. § 804(3)). Therefore, "[a]s the definition of 'rule' under the CRA is entirely circumscribed by the definition of 'rule' under the APA, axiomatically, any agency action that is not a rule under the APA is also not a rule under the CRA." *Id.*

While briefing was underway on the dismissal and preliminary injunction motions, the EPA, on July 22, 2026, "reclassified another two California waiver orders as 'rules' and submitted them to Congress." *Id.* at *5. These reclassified waiver orders ("July 2026 Reclassified Orders") are: (1) the "2023 waiver authorizing enforcement of amendments to the California Air Resources Board's ('CARB's') Ocean-Going Vessels At-Berth regulation" ("2023 vessel waiver"), and (2) the "2025 waiver authorizing enforcement of amendments to CARB's Commercial Harbor Craft regulation" ("2025 vessel waiver"). *Id.* at *40-41. On September 4, 2026, two days after issuance of the order granting preliminary injunctive relief, California was granted permission, without objection from EPA or defendant-intervenors, *see* Minute Order (Sept. 4, 2026), to file an amended complaint adding facts and allegations concerning these two July 22 reclassifications, *see* Am. Compl. ¶¶ 9, 76, 81, 83, Counts III, IV, ECF No. 48; *see also* Cal.'s Mot. for Leave to Suppl.

Compl. at 2, ECF No. 47 ("On September 4, 2026, Defendants and Intervenors indicated they do not oppose the filing of the proposed Supplemental Complaint.").

California now has two pending motions before the Court: first, a motion, filed on September 9, 2026, seeking "a second preliminary injunction expressly identifying the July reclassifications and requiring the restoration of the status quo specifically as to those reclassifications," Pl.'s Second Mot. for Prelim. Inj. at 2, ECF No. 49; and a motion, filed on September 11, 2026, for an expedited ruling on this second motion for a preliminary injunction, "by 9 a.m. Eastern on Tuesday, September 15, 2026," Pl.'s Mot. for Expedited Ruling on Its Second Prelim. Inj. Mot. at 1, ECF No. 53. California "initiated the meet-and-confer about this motion to expedite before the Court issued its minute order [] requiring the parties to provide a briefing schedule for Plaintiff's second preliminary injunction motion." *Id.* at 1 (citing Minute Order (Sept. 11, 2026)). EPA states opposition to "California's second motion for a preliminary injunction or stay for the reasons outlined in EPA's briefs in this case. Further, EPA disagrees with this Court's order granting California's first motion for a preliminary injunction, as well as the memorandum opinion. EPA agrees, however, that this Court can decide California's second motion based on the parties' earlier briefing. EPA reserves all other rights," *id.* Cal.'s Mem. of P. & A. in Supp. of Pl.'s Mot. for Expedited Ruling at 2 n.2, ECF No. 53-1. As to the pending motion to expedite consideration of the second preliminary injunction motion, EPA "takes no position," although stating that "EPA disagrees that the House's announcement provides a basis to expedite the motion." *Id.* Defendant-intervenors had not then indicated a position on whether additional briefing is necessary, but did so in response to the Court's order, Minute Order (Sept. 12, 2026), indicating that they opposed the second preliminary injunction request "for the reasons already set forth in Intervenor-Defendants' briefing on Plaintiff's first Preliminary Injunction Motion," and

had no intention "to seek additional briefing." Def.-Intervenors' Resp. to Court's Order at 3, ECF No. 54. As to California's pending motion for expedited consideration of the second preliminary injunction motion, defendant-intervenors stated that "their position is consistent with" EPA's position and, again, they "do not intend to file an opposition." *Id.* at 2.

Having already thoroughly considered, and rejected, the arguments raised by EPA and defendant-intervenors in opposition to California's first request for preliminary injunction relief, and defendants do not intend to raise any additional arguments, California's second motion for preliminary injunctive relief as the July 2026 Reclassified Orders may be promptly granted for the same reasons already articulated in *California*, 2026 U.S. Dist. LEXIS 198939.

Accordingly, upon consideration of plaintiff California's Second Motion for a Preliminary Injunction, ECF No. 49; plaintiff's Motion for Expedited Ruling on Its Second Preliminary Injunction Motion, ECF No. 53; the memoranda submitted in support; the previous Memorandum and Order, *California v. Environmental Protection Agency*, No. 26-cv-2185 (BAH), 2026 U.S. Dist. LEXIS 198939 (D.D.C. Sept. 2, 2026), docketed at ECF Nos. 45, 46; Def.-Intervenors' Resp. to Court's Order, ECF No. 54, and the entire record herein, it is hereby:

**ORDERED** that plaintiff's Motion for Expedited Ruling on Its Second Preliminary Injunction Motion, ECF No. 53, is **GRANTED**; it is further

**ORDERED** that plaintiff's Second Motion for a Preliminary Injunction, ECF No. 49, is **GRANTED**; it is further

**ORDERED** that defendant EPA take all necessary steps within the agency's control to restore the *status quo*, as it existed before EPA's July 22, 2026, press release, as to the two Clean Air Act preemption waiver orders referenced in the press release and titled "Ocean Going Vessels

at Berth," 88 Fed. Reg. 72461 (Oct. 20, 2023), and "Commercial Harbor Craft Amendments," 90 Fed. Reg. 1998 (Jan. 10, 2025); it is further

**ORDERED** that defendant EPA withdraw or correct EPA's reclassifications of these two Clean Air Act Section 209(b) waiver orders, and other such reclassifications, from orders to rules in all public statements, including the July 22, 2026 press release; it is further

**ORDERED** that defendant EPA is **ENJOINED** and **STAYED**, pursuant to 5 U.S.C. § 705, from giving effect to the reclassification of these two Clean Air Act Section 209(b) waiver orders, and other such reclassifications, from orders to rules; it is further

**ORDERED** that defendant EPA submit, by September 30, 2026, a status report summarizing the steps taken to comply with this order; and it is further

**ORDERED** that this Order and this Court's September 2, 2026, Order shall remain in effect until further order of this Court.

**SO ORDERED.**

Date: September 12, 2026

**BERYL A. HOWELL**
United States District Judge

*This is an appealable order.*