**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

STATE OF CALIFORNIA,

*Plaintiff*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and LEE ZELDIN, in his official capacity as Administrator of the United States Environmental Protection Agency,

*Defendants*,

and

AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, AND AMERICAN PETROLEUM INSTITUTE,

*Defendant-Intervenors*.

Case No. 1:26-cv-02185-BAH

**EPA'S STATUS REPORT**

Defendants United States Environmental Protection Agency and Lee Zeldin, in his official capacity as Administrator of the United States Environmental Protection Agency, (together, "EPA") hereby provide a status report in response to the Court's Order of September 2, 2026 (Dkt. No. 45).

The Order identifies the following Clean Air Act preemption waivers: (1) "Motor Vehicle Evaporative Emissions and Greenhouse Gas ('Advanced Clean Cars I' (ACC I))"; (2) "Reinstatement of ACC I"; (3) "Small Offroad Engine (SORE) Amendments"; and (4) "Greenhouse Gas Emission Standards – 2009 and Subsequent Model Years." Dkt. No. 45 at 1.

The Court required submission of a status report "summarizing the steps taken to comply" as to the four above-referenced waivers by September 21, 2026, Dkt. No. 45 at 2.

EPA has taken several steps to comply with the order. First, EPA has communicated the content of the Order to EPA staff with responsibility for overseeing the preemption waiver program under section 209(b) of the Clean Air Act. Second, subject to further proceedings as described herein, the press release identified in the Order is not accessible to the public. Third, EPA has initiated a survey of additional "public statements" that may fall within the scope of the Order. Fourth, EPA has consulted within the agency and with the Department of Justice to ensure it fulfills its record retention requirements and complies with any ongoing litigation holds that may be affected by withdrawing the public statements at issue while also complying with this Court's Order. EPA anticipates providing further updates regarding steps taken to comply with the Order in the September 30, 2026 status report required pursuant to this Court's September 12, 2026 Order (Dkt. No. 55).

As this Court is aware, EPA has appealed this Court's orders granting preliminary relief to California. *See* Dkt. No. 56 (Notice of Appeal). EPA strongly disagrees with this Court's decisions in this case. EPA submits that the Court's conclusion that California satisfies the requirements for Article III standing is incorrect, as is the Court's explanation for avoiding the comprehensive jurisdictional bar in the Congressional Review Act. EPA also continues to disagree with this Court's conclusion that EPA's preemption waivers are not rules for purposes of the Congressional Review Act. Congress is responsible for determining what is subject to the Congressional Review Act. And Congress determined just last year—through bicameral votes and presentment to the President—that EPA's preemption waivers qualify as rules for the purposes of congressional review and disapproval. Congress can and should continue to review preemption waivers,

regardless of the Court's erroneous view, which is not binding on Congress and should not be persuasive to it. EPA likewise disagrees that the judicial branch is empowered to instruct a Cabinet Secretary as to the speech he may express in a press release, especially speech to Congress or speech regarding legislation.

EPA does not read the Court's Order to require the agency to attempt to withdraw the submission of these waivers to Congress or otherwise compel or forbid EPA to communicate with Congress. While California previously requested that the Court order EPA to withdraw its report to Congress, *see* Dkt. No. 13-30 (Proposed Order), the Court's Order does not include that language from the proposed order. Further, the Court's memorandum opinion makes clear that the Court did not grant preliminary relief applicable to EPA's submissions of the waivers to Congress. Dkt. No. 46 at 46 (concluding that the transmission to Congress "is shielded from review"); *id.* at 40 n. 10 (noting that both section 805 of the CRA and binding D.C. Circuit precedent preclude review of agency communications to Congress). Nor would EPA understand that a court has compelled or blocked any speech from an Executive Agency to Congress absent a clear and unambiguous directive in a court order.

Moreover, EPA does not understand the Court's Order to encompass the three Clean Air Act preemption waivers that Congress invalidated in 2025.[1] As this Court noted, California presented its claims regarding those waivers to a different district court. Dkt. No. 46 at 16; *California v. United States*, No. 4:25-cv-04966-HSG (N.D. Cal.). California has never sought preliminary relief with respect to those waivers. And Congress enacted three joint resolutions invalidating those waivers, which the President signed into law on June 12, 2025. H.J. Res. 87, 88,

[1] Those preemption waivers were: "Advanced Clean Trucks," "Advanced Clean Cars II," and "Omnibus Low NOx ('Omnibus')." *See* 88 Fed. Reg. 20688 (Apr. 6, 2023); 90 Fed. Reg. 642 (Jan. 6, 2025); 90 Fed. Reg. 643 (Jan. 6, 2025).

89 (119th Cong.). As those waivers no longer exist, EPA does not read this Court's Order to apply to them.

Dated: September 22, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

STEPHEN M. PEZZI
(DC Bar #995500)
Chief Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
stephen.pezzi@usdoj.gov
(202) 305-8576

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
(DC Bar #1028454)
*Deputy Assistant Attorney General*

*/s/ Robert N. Stander*
MARTHA C. MANN
(FL Bar #155950)
JEFFREY HUGHES
(NY Bar #5367214)
United States Department of Justice
Energy and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 717-7067 (Stander)
(202) 353-5900 (Mann)
(202) 532-3080 (Hughes)
robert.stander@usdoj.gov
martha.mann@usdoj.gov
jeffrey.hughes@usdoj.gov