**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>*Plaintiff*,<br><br>v.<br><br>LEE ZELDIN, in his official capacity as U.S. Environmental Protection Agency Administrator, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Defendants*,<br><br>and<br><br>AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS AND AMERICAN PETROLEUM INSTITUTE,<br><br>*Intervenor-Defendants*. | Civil Action No.: 1:26-cv-02185-BAH |

**EPA'S MOTION TO STAY CASE PENDING APPEAL**

Defendants Lee Zeldin, in his official capacity as U.S. Environmental Protection Agency Administrator, and the U.S. Environmental Protection Agency (collectively, "EPA") respectfully move the Court to stay all proceedings in this case pending resolution of the appeal to the D.C. Circuit of this Court's Orders, Dkt. Nos. 45, 55. EPA also requests that, with the exception of filings due on September 30, 2026, that this Court stay any further deadlines pending a decision on this motion. The parties met-and-conferred via video conference on September 28, 2026 regarding the relief requested herein. Plaintiffs oppose this motion. Intervenor-Defendants the

American Fuel & Petrochemical Manufacturers and American Petroleum Institute ("Intervenor-Defendants") consent to this motion.

EPA and Intervenor-Defendants have appealed this Court's orders granting a preliminary injunction in favor of California and have filed a motion to expedite the appeal. California has indicated that it opposes this stay motion and expedition of the appeal and intends to proceed in this Court with an immediate motion for summary judgment. California's preferred approach not only gives rise to an unnecessarily burdensome parallel briefing schedule but creates a more fundamental problem: whatever the decision on appeal, proceeding full steam ahead with briefing and argument in both courts could prove to be a waste of judicial and party resources. And in the interim, California faces no prejudice, as it is already protected by the preliminary injunction order.

Without a stay, the D.C. Circuit could issue a ruling in advance of any decision on summary judgment that would dramatically affect the nature of the arguments and any ruling by this Court. If the Circuit Court reverses this Court's orders in whole or part, the resources expended by the Court and the parties to brief and decide summary judgment motions would be wasted. Alternatively, this Court could issue a decision on summary judgment, following briefing and oral argument but before a decision in the appeal. Any such order could moot the appeal, requiring the parties and the D.C. Circuit to begin anew. And if the Circuit Court were then to rule in favor of the appellants, the resources expended by the parties and this Court would have been wasted. Under any scenario, California's proposal for parallel litigation could prove to be a needless use of judicial and party resources.

## BACKGROUND

By way of summary, this case concerns six Clean Air Act preemption waivers EPA previously granted to California for certain State emissions standards that differ from federal standards.

*See* Dkt. No. 46 at 1-2. Beginning in 2025, EPA submitted certain preemption waivers to Congress for review under the Congressional Review Act ("CRA"), which requires agency rules to be submitted to Congress, and in turn permits Congress and the President to disapprove of such rules. *See id*. at 2, 10-12. At issue in this litigation are six preemption waivers that EPA submitted to Congress in June and July 2026. *See id*. at 16; *see also* Dkt. No. 55.

California first moved for a preliminary injunction three days after filing suit. Dkt. No. 46 at 25. Federal Defendants and Intervenor-Defendants opposed that motion and moved to dismiss, arguing, among other things, that California lacks Article III standing, that 5 U.S.C. § 805 bars review of EPA's actions and determinations, and that California has not identified a final agency action. *Id*. at 31.

On September 2, 2026, the Court issued an order that granted California's Motion for a Preliminary Injunction against EPA and denied EPA's and Intervenor-Defendants' Motions to Dismiss. Dkt. No. 45. Ten days later, the Court issued an order that granted California's Second Motion for a Preliminary Injunction. Dkt. No. 55. Both orders direct EPA to "take all necessary steps within the agency's control to restore the *status quo*" as to the "Clean Air Act preemption waiver orders" at issue; direct EPA to "withdraw or correct EPA's reclassifications of" the "waiver orders . . . from orders to rules in all public statements"; and enjoin and stay EPA "from giving effect to the reclassification of" the "waiver orders, and other such reclassifications, from orders to rules." Dkt. No. 45 at 1-2; Dkt. No. 55 at 5-6. EPA and Intervenor-Defendants have timely appealed both orders. Dkt. Nos. 56, 59.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a motion to stay proceedings pending an interlocutory appeal of a preliminary injunction, the court must "weigh competing interests and maintain an even balance," and the party requesting the stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Philipp v. Fed. Republic of Ger.*, 253 F. Supp. 3d 84, 88 (D.D.C. 2017) (quoting *Landis*, 299 U.S. at 254-55); *see also Loumiet v. United States*, 315 F. Supp. 3d 349, 351 (D.D.C. 2018); *Wrenn v. District of Columbia*, 179 F. Supp. 3d 135, 136-37 (D.D.C. 2016). "[H]ardship to the parties and benefits to judicial economy are the key interests to consider in evaluating a motion for a stay." *Nat'l Indus. for the Blind v. Dep't of Veterans Affs.*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017).

Published district court authority, in similar circumstances, has added structure to the *Landis* standard, reducing the considerations to a three-factor test: "(1) the possible damage of granting the stay; (2) the hardship or inequity on the movant by not granting the stay; (3) the orderly course of justice." *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1060 (E.D. Cal. 2023); *id.* at 1057-58 (explaining why *Nken v. Holder* factors do not control); *see also Int'l Refugee Assistance Project v.*

*Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018); *Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1189 (D. Kan. 2008).[1]

## ARGUMENT

### I. The orderly course of justice favors a stay.

A stay of proceedings would be more efficient for the Court and all parties to this case. Longstanding precedent confirms that courts can and should account for the "economy of time and effort for itself, for counsel, and for litigants" when deciding whether to exercise the discretion to grant a stay. *Landis*, 299 U.S. at 254. Thus, where a defendant has raised "dispositive issues" on appeal, "including . . . that [the court] does not have jurisdiction to hear" the plaintiffs' claims, a discretionary stay pending an interlocutory appeal is warranted. *Philipp*, 253 F. Supp. 3d at 89; *see also, e.g.*, *Flores*, 675 F. Supp. 3d at 1063 (explaining that "courts typically stay cases when the outcome of another proceeding will have preclusive effect on the pending issues"); *Beltronics*, 545 F. Supp. 2d at 1190 (granting a stay where resolution of an issue on appeal "would significantly advance the course of this litigation").

Here, EPA and Intervenor-Defendants raised numerous arguments, including arguments related to this Court's jurisdiction. The Court sided with California, an outcome with which EPA and Intervenor-Defendants disagree. But the parties and the Court likely share common ground on at least two points. First, if the jurisdictional issues were decided against California, the case would

[1] Some courts in this District have applied a four-factor test set forth in *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977), to stays pending interlocutory appeal (specifically, appeals of class certification). *See, e.g., In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 91 (D.D.C. 2012). Other district courts outside of this District have applied a similar four-factor test set forth in *Nken v. Holder*, 556 U.S. 418, 425-26 (2009). *See Flores*, 675 F. Supp. 3d at 1056-57 (discussing split within Ninth Circuit). This four-factor test does not apply here because Federal Defendants seek a stay of *proceedings* pending appeal, rather than a stay of the *order* itself. *See, e.g.*, *Philipp*, 253 F. Supp. 3d at 88; *Loumiet*, 315 F. Supp. 3d at 351; *Wrenn*, 179 F. Supp. 3d at 136-37 (all applying *Landis* to requested stay of proceedings pending appeal of preliminary injunction).

likely be dismissed. Second, the jurisdictional challenges were significant and challenging enough to warrant nearly twenty-five pages of this Court's analysis. Dkt. No. 46 at 34-60. A reasonable decisionmaker could come out the other way concerning these issues. And given at least the possibility of a reversal on the case-dispositive issue of jurisdiction, it makes little sense to proceed in this Court while the D.C. Circuit makes its decision. In similar circumstances, other courts in this District have exercised their discretion to stay proceedings based on these considerations alone. *Philipp*, 253 F. Supp. 3d at 89; *Ready to Win v. Fed. Election Comm'n*, No. 22-3282, 2023 WL 10512144, at *2 (D.D.C. July 28, 2023). This Court should too.

Despite having already obtained a preliminary injunction, California now hopes to race ahead with summary judgment briefing. Doing so would hamper the orderly course of justice in several distinct ways. First, the parties would have to expend resources simultaneously briefing a motion for summary judgment before this Court and an appeal to the D.C. Circuit. Second, if the D.C. Circuit were to reach an opinion that either affirms or reverses this Court, additional briefing on and argument about these issues may shift dramatically, rendering prior briefing needlessly wasteful. And were this Court partially through its own decision-making process, that too may be for naught. Third, if this Court were to speed ahead to entry of judgment, the party and court resources spent on the appeal may be wasted.

Here, EPA does not seek a lengthy stay. *See Belize Soc. Dev., Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (recognizing that stays should be of "moderate duration"). By statute, a preliminary injunction appeal must be expedited. 28 U.S.C. § 1657(a). The D.C. Circuit Rules accordingly provide that the "clerk of this court will promptly open the appeal and enter an appropriate schedule upon the docket." D.C. Cir. R. 47.2(a). EPA has also filed a motion to further expedite the appeal. *California v. EPA*, No. 26-5330 (D.C. Cir.), Doc. #2195131.

In sum, two paths lie before the Court. It could proceed, as California requests, with summary judgment briefing and argument and take the risk that the D.C. Circuit will reverse, perhaps even finding that it lacks jurisdiction. Or it could wait to let the appeal before the D.C. Circuit play out and thereafter proceed accordingly. The latter path promotes the orderly course of justice far more than the former. This Court has recognized as much in analogous circumstances. *See, e.g.*, Minute Order, *Scottsdale Cap. Advisors Corp. v. FINRA*, No. 1:23-cv-1506-BAH (D.D.C. July 26, 2023) (granting motion for an abeyance pending resolution of D.C. Circuit appeal of a preliminary injunction order).

**II. California faces no risk of harm from the requested stay.**

The Court has already granted two preliminary injunctions in California's favor. Dkt. No. 45 at 1-2; Dkt. No. 55 at 5-6. By way of these preliminary injunctions, California has effectively obtained nearly all the relief it asked for in its Complaint. *Compare* Dkt. No. 48 at 36 *with* Dkt. No. 45 at 1-2; Dkt. No. 55 at 5-6. So the status quo leaves California with little to complain about.

EPA does not seek to stay the Court's preliminary injunction orders, rather only to put the proceedings on pause. Courts in similar circumstances have concluded that there was little risk of hardship to the party that had obtained a preliminary injunction. *See Beltronics*, 545 F. Supp. 2d at 1190 (explaining that the plaintiff, who obtained a preliminary injunction, "has not persuaded the court that it will suffer any demonstrable prejudice by the delay that might be caused by the pending appeal, as the court suspects that the Tenth Circuit will resolve this appeal fairly promptly and defendants are no longer selling Beltronics products").

Courts do not generally view the prospect of delay in and of itself as a hardship sufficient to deny a request for a stay. *See Flores*, 675 F. Supp. 3d at 1064; *Beltronics*, 545 F. Supp. 2d at 1190. Particularly where, as here, there is an expedited appeal that is likely to materially advance the litigation before the Court, the savings of judicial and party resources outweigh the minimal

hardship posed by a short pause. Indeed, if the D.C. Circuit were to reverse this Court, California's resources would be wasted by moving ahead with summary judgment briefing, too. And given the preliminary injunction orders that are already in effect, California faces little risk of harm from a stay, certainly not enough to outweigh the considerable benefits of judicial economy and savings to party resources.

**III. EPA would suffer hardship and inequity if the stay were denied.**

The fully developed and briefed legal questions in this case are not likely to change based on discovery or further briefing in this Court. The D.C. Circuit will soon provide an answer to the Defendants' appeal. Dkt. No. 46. Without a stay, all parties will have to expend resources drafting simultaneous and potentially unnecessary briefs in this Court and before the D.C. Circuit.

Assuming for the sake of argument that this Court lacks jurisdiction and the Court denies this stay, EPA could be forced to engage in protracted, duplicative litigation over a matter that should never have proceeded in the first place. California faces no comparable risk from a brief stay of these proceedings, at least while the preliminary injunction orders remain in effect.

**CONCLUSION**

The court should stay all further proceedings in this case pending appeal.

Dated: September 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

STEPHEN M. PEZZI
(DC Bar #995500)
Chief Litigation Counsel
United States Department of Justice
Civil Division, Federal Programs Branch

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
(DC Bar #1028454)
*Deputy Assistant Attorney General*

*/s/ Laura J. Brown*

1100 L Street NW
Washington, DC 20005
stephen.pezzi@usdoj.gov
(202) 305-8576

MARTHA C. MANN
(FL Bar #155950)
JEFFREY HUGHES
(NY Bar #5367214)
LAURA J. BROWN
(PA Bar #208171)
United States Department of Justice
Energy and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 717-7067 (Stander)
(202) 353-5900 (Mann)
(202) 532-3080 (Hughes)
(202) 305-5314 (Brown)
robert.stander@usdoj.gov
martha.mann@usdoj.gov
jeffrey.hughes@usdoj.gov
laura.j.s.brown@usdoj.gov

**CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify that the foregoing document was served on all counsel of record via the electronic case filing system and complies with Local Civil Rule 7(e) because it does not exceed 25 pages.

Dated: September 29, 2026

Respectfully submitted,

*/s/ Laura J. Brown*