**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>*Plaintiff*,<br><br>v.<br><br>LEE ZELDIN, in his official capacity as U.S. Environmental Protection Agency Administrator, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Defendants*,<br><br>and<br><br>AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS AND AMERICAN PETROLEUM INSTITUTE,<br><br>*Intervenor-Defendants*. | Civil Action No.: 1:26-cv-02185-BAH |

**EPA'S REPLY IN SUPPORT OF MOTION TO STAY CASE PENDING APPEAL**

Defendants Lee Zeldin, in his official capacity as U.S. Environmental Protection Agency Administrator, and the U.S. Environmental Protection Agency (collectively, "EPA") respectfully submit this reply in support of its motion to stay all proceedings pending resolution of its appeal of this Court's orders granting preliminary relief to the D.C. Circuit ("Stay Motion"). Dkt. Nos. 65, 66. As explained in the Stay Motion, a stay of all proceedings pending appeal is warranted because it would preserve judicial and party resources by allowing the D.C. Circuit to provide

controlling instruction on issues presented in this case, including whether the Court has jurisdiction. And any minimal delay caused by a stay would not prejudice Plaintiff, who remains protected by the preliminary relief the Court already provided.

**ARGUMENT**

Contrary to Plaintiff's assertion, judges in this District routinely stay proceedings pending appeal when, as here, (i) the issues raised on appeal may be dispositive or provide instruction on the issues before the Court; and (ii) there is minimal, if any, burden to the opposing party. *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017).[1] Plaintiff attempts to distinguish *Philipp* by incorrectly asserting that the court granted a stay there because its underlying decision conflicted with the decisions of several other courts, which Plaintiff argues is not the case here. Pl.'s Opp'n at 4. But Plaintiff misreads the *Philipp* decision. In *Philipp*, the court explained that it was *certifying the interlocutory appeal* because of the conflicts in decisions. 253 F. Supp. 3d at 88. That reasoning, however, was distinct from the court's decision to stay proceedings pending the appeal. In a separate section of the opinion, the court explained that it was staying the proceedings pending the appeal because the appeal "raised several dispositive issues, including arguing that this Court does not have jurisdiction to hear Plaintiffs' claims." *Id.* at 89. That is precisely the reason EPA sought a stay here.[2]

[1] As noted in EPA's opening brief, the appropriate test for a stay of *proceedings* is taken from *Landis v. North American Co.*, 299 U.S. 248, 256-57 (1936) and not *Nken v. Holde*r, 556 U.S. 418, 422, 434 (2009), which would only apply if EPA were seeking a stay of the Court's Orders, which it is not. *See, e.g.*, *Philipp*, 253 F. Supp. 3d at 88.

[2] Contrary to Plaintiff's assertion, *Ready to Win v. Federal Election Commission*, No. 22-3282, 2023 WL 10512144 (D.D.C. July 28, 2023) also supports a stay, notwithstanding that the case involved discovery and that it was the plaintiffs that sought to stay discovery pending interlocutory appeal. *Both Ready to Win* and *Philipp* stand for the principle that a court may stay proceedings pending appeal in the interest of judicial economy after determining there is minimal harm to the non-moving party.

While envisioning the possibility that the D.C. Circuit could "obviate[]" this Court's injunction order, Pl.'s Opp'n at 7, Plaintiff simultaneously asserts that EPA's "speculation" of "possible" reversal of this Court's decision in the D.C. Circuit is insufficient to warrant a stay. Pl.'s Opp'n at 4. But this District Court routinely stays proceedings in the interest of judicial economy when an appellate decision could have dispositive effects on the proceedings before it. *See, e.g.*, *Neguse v. U.S. Immigr. & Customs Enf't*, No. 25-CV-2463, 2026 WL 2149697, at *2 (D.D.C. July 27, 2026) (staying district court proceedings pending interlocutory appeal that raised dispositive issues that "*may be* resolved" by the D.C. Circuit) (emphasis added); Minute Order, *Scottsdale Cap. Advisors Corp. v. FINRA*, No. 1:23-cv-1506-BAH (D.D.C. July 26, 2023) (granting motion for stay pending resolution of D.C. Circuit appeal of a preliminary injunction order because the D.C. Circuit's decision "*at the very least*, would provide helpful guidance to this Court in considering the arguments"); *Montesano v. Cath. Univ. of Am.*, No. 20-CV-1496 (DLF), 2021 WL 6849086, at *2 (D.D.C. Sep. 3, 2021) (staying district court proceedings because "*[i]f* the D.C. Circuit reverses this Court's decision, then substantial resources . . . will be saved" by both parties and the court) (emphasis added); *see also Univ. of Colo. Health at Mem'l Hosp. v. Burwell*, 233 F. Supp. 3d 69, 88 (D.D.C. 2017) (staying district court proceedings in the "interests of judicial efficiency" "[b]ecause many of the applicable issues *may be* resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues") (emphasis added). In granting stays in the above-cited cases, this District Court has never required the moving party establish with absolute certainty that a decision on appeal would be case-dipositive, which would be an impossible standard.

Additionally, as also demonstrated by the cases cited above, judges in this District routinely exercise their discretion to stay cases pending appeal in the interest of conserving both the

parties' and judicial resources. *Montesano*, 2021 WL 6849086, at *2. Doing so is especially warranted here, where the Court raised questions as to Plaintiff's claims of harm, *see* Tr. of Aug. 2026 Hr'g at 32:21-33:2, and where issues of standing and interpretation of the Congressional Review Act—either of which would be dispositive if resolved in EPA's favor—will be presented to the D.C. Circuit.[3]

Plaintiff's only claim of harm from the requested stay is delay in (potentially) receiving permanent and declaratory relief. Pl.'s Opp'n at 7. But Plaintiff does not explain how a discrete stay will actually harm its interests. Plaintiff has already received preliminary relief. And, as explained in the Stay Motion, EPA does not seek to stay the Court's preliminary injunction orders but only to pause the proceedings pending their appeal. Plaintiff also does not legitimately dispute that a stay (and any attendant delay) would be brief. By statute, a preliminary injunction appeal must be expedited. 28 U.S.C. § 1657(a). EPA has also filed a motion to further expedite the appeal. Mot., *California v. EPA*, No. 26-5330 (D.C. Cir. Sep. 25, 2026), Dkt. No. 2195131.

In considering similar claims of harm, this court has found that minimal delay does not outweigh the need to conserve judicial resources. *Hulley Enters. Ltd. v. Russian Fed'n*, 502 F. Supp. 3d 144, 156 (D.D.C. 2020); *see also Neguse*, 2026 WL 2149697, at *1 (finding a stay would impose "minimal harm" where the court had stayed the federal agency policies challenged in action); *see also Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (explaining that the plaintiff, who obtained a preliminary injunction, "has not persuaded the court that it will suffer any demonstrable prejudice by the delay that might be caused by the pending appeal, as the court suspects that the Tenth Circuit will resolve

[3] Plaintiff's suggestion that there are no unsettled questions regarding interpretation of Section 805 of the Congressional Review Act, Pl.'s Opp'n at 5 n.3, is not supported by this Court's statement that the D.C. Circuit's analysis in another case is informative on that issue.

this appeal fairly promptly and defendants are no longer selling Beltronics products”). While Plaintiff vaguely contends that it also may be harmed because it may need to seek “other” relief from the Court during the pendency of a stay, such hypothetical harm is not sufficiently cognizable to weigh against the requested stay that would preserve the parties’ and Court’s resources. And if Plaintiff did determine it necessary to seek “other” relief from the Court during a stay, it could easily file a motion to lift the stay for the purpose.

And EPA will be harmed absent a stay. Plaintiff moved for summary judgment on October 14, 2026. Dkt. No. 71. Unless the proceeding is stayed, EPA will be harmed by having to expend resources to simultaneously respond to Plaintiff’s summary judgment motion and brief its appeal. And if the D.C. Circuit reverses in whole or part on the case-dispositive issue of jurisdiction (or otherwise offers instruction), then a stay will save substantial resources that would have been expended by the parties and the Court in briefing and deciding summary judgment. A stay of proceedings would be more efficient for the Court and all parties to this case.

## CONCLUSION

For the foregoing reasons and for the reasons stated in EPA’s Stay Motion, Defendants respectfully request this Court to stay this proceeding pending resolution of the appeal in the D.C. Circuit.

Dated: October 16, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

STEPHEN M. PEZZI
(DC Bar #995500)
Chief Litigation Counsel
United States Department of Justice

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
(DC Bar #1028454)
*Deputy Assistant Attorney General*

*/s/ Laura J. Brown*

Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
stephen.pezzi@usdoj.gov
(202) 305-8576

MARTHA C. MANN
(FL Bar #155950)
JEFFREY HUGHES
(NY Bar #5367214)
LAURA J. BROWN
(PA Bar #208171)
United States Department of Justice
Energy and Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 717-7067 (Stander)
(202) 353-5900 (Mann)
(202) 532-3080 (Hughes)
(202) 305-5314 (Brown)
robert.stander@usdoj.gov
martha.mann@usdoj.gov
jeffrey.hughes@usdoj.gov
laura.j.s.brown@usdoj.gov

**CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify that the foregoing document was served on all counsel of record via the electronic case filing system and complies with Local Civil Rule 7(e) because it does not exceed 25 pages.

Dated: October 16, 2026

Respectfully submitted,

*/s/ Laura J. Brown*