**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>*Plaintiff*,<br><br>v.<br><br>LEE ZELDIN, in his official capacity as U.S. Environmental Protection Agency Administrator, and U.S. ENVIRONMENTAL PROTECTION AGENCY,<br><br>*Defendants*,<br><br>and<br><br>AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS AND AMERICAN PETROLEUM INSTITUTE,<br><br>*Intervenor-Defendants*. | Civil Action No.: 1:26-cv-02185-BAH |

**AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS AND AMERICAN PETROLEUM INSTITUTE'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 6(b)(1), American Fuel & Petrochemical Manufacturers and American Petroleum Institute (collectively, "Intervenor-Defendants") respectfully move the Court for an extension of time to respond to the State of California's ("Plaintiff") motion for summary judgment, Dkt. 71. Intervenor-Defendants request that the Court wait to set the briefing schedule until the Court rules on their motion, Dkt. 66, and the motion by the U.S. Environmental Protection Agency and Lee Zeldin ("Defendants"), Dkt. 65, to stay proceedings pending the appeal of this Court's preliminary injunction orders. Intervenor-Defendants further request that, if the Court denies the motions to stay, the Court direct the parties

to file a proposed briefing schedule on Plaintiff's motion for summary judgment within seven days of such denial.

No previous extension of Intervenor-Defendants' deadline to respond to Plaintiff's Motion for Summary Judgment has been requested or granted, and this extension will not affect any existing deadlines outside of Plaintiff's reply. There is good cause for this motion, which is sought in the interest of justice, not to delay; the requested relief will promote judicial economy and conserve party resources, and undersigned counsel have numerous competing obligations over the next several weeks.

Further to the Court's standing order in this case, Dkt. 6, Intervenor-Defendants state as follows:

1. The current deadline for Intervenor-Defendants' response is October 28, 2026. *See* Loc. Civ. R. 7(b).

2. Intervenor-Defendants request an extension of time and ask the Court to wait to set a briefing schedule until the Court rules on the motions to stay proceedings pending the appeal of this Court's preliminary injunction orders. Intervenor-Defendants further request that, if the Court denies the motions to stay, the Court direct the parties to file a proposed briefing schedule on Plaintiff's motion for summary judgment within seven days of such denial.

3. Good cause exists for the requested extension, which would promote judicial economy and conserve party resources because:

   a. Intervenor-Defendants' and Defendants have moved the Court to stay proceedings pending the appeal of this Court's orders granting preliminary injunctions. Plaintiff opposed those motions, and those motions are now fully briefed and pending before the Court. The pending motion to stay, if resolved in Intervenor-Defendants' and Defendants' favor, would obviate the need for Intervenor-Defendants to file a response brief until the appeal is resolved.

   b. Intervenor-Defendants' and Defendants have appealed this Court's orders granting preliminary injunctions to the D.C. Circuit. *See California v. EPA*, Nos.

26-5330, 26-5336 (consol.) (D.C. Cir.). The appeal will rule on important questions also at issue in the summary judgment motion. Given that the appeal is expedited as a matter of law, *see* 28 U.S.C. § 1657(a), an extension of time for the briefing of this motion could narrow the issues before the Court, reduce the risk of inconsistent legal determinations, and prevent unnecessary briefing and argument. Plaintiff would not be prejudiced by this extension, given that the Court has already granted it injunctive relief.

c. The undersigned counsel also have multiple competing work deadlines and personal engagements in late October and early November, including:

    i. Extensive discovery, including a hearing on Friday, October 30th, and likely two depositions in the next 30 days. *See Jung v. State Farm Fire & Cas. Co.*, 1:26-cv-93 (D. Haw.).

    ii. Drafting a likely Preliminary Injunction and Temporary Restraining Order in the Southern District of New York (matter and client remain non-public until likely filing on November 3, 2026);

    iii. Advising on pretrial proceedings in a class action pending in the Northern District of California (representation remains confidential);

    iv. Drafting an Amicus Brief in Support of Petition for Certiorari in the United States Supreme Court due November 2, 2026 (matter and client remain non-public until filing);

    v. Preparing a Petition for Reconsideration before an administrative agency due November 16, 2026;

    vi. Drafting a Petition for Writ of Certiorari to the United States Supreme Court (matter remains non-public and deadline subject to change); and

    vii. Numerous other personal and work commitments.

4. This is Intervenor-Defendants' first request for an extension of time to file their response to Plaintiff's motion for summary judgment. No prior extensions have been requested or granted as to this motion.

5. The requested extension would only impact the timing of Plaintiff's reply in support of its motion for summary judgment, which by default is due November 4, 2026. *See* Loc. Civ. R. 7(d).

6. This motion proposes that Plaintiff's reply in support of its motion for summary judgment be set in a proposed briefing schedule, to be submitted within seven days of the Court's denial, if any, of Intervenor-Defendants' and Defendants' motion to stay.

7. In accordance with Local Civil Rule 7(m), Intervenor-Defendants conferred with the parties. Plaintiff opposes Intervenor-Defendants' request and simply replied with their own proposed schedule; Defendants filed a motion requesting the same relief, Dkt. 73.

WHEREFORE, Intervenor-Defendants respectfully request that the Court enter an order extending their response deadline until the Court rules on the motions to stay proceedings pending the appeal of this Court's preliminary injunction orders. Intervenor-Defendants further request that, if the Court denies the motions to stay, the Court direct the parties to file a proposed briefing schedule on Plaintiff's motion for summary judgment within seven days of such denial.

Dated: October 19, 2026

Respectfully submitted,

/s/ Michael B. Schon
Michael B. Schon
LEHOTSKY COHN LLP
200 Massachusetts Avenue, NW
Suite 700
Washington, DC 20001
Email: mike@lehotskycohn.com
Tel.: (512) 693-8350
Fax: (512) 727-4755

Katherine C. Yarger* (CO 40387)
LEHOTSKY COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
Email: katie@lehotskycohn.com
Tel.: (512) 693-8350
Fax: (512) 727-4755

*Counsel for American Fuel & Petrochemical Manufacturers and American Petroleum Institute*

* Admitted *pro hac vice*; application for admission to D.D.C. submitted.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with Local Civil Rule 7 because it does not exceed 45 pages.

Dated: October 19, 2026

Respectfully submitted,

*/s/ Michael B. Schon*
Michael B. Schon

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2026, I electronically filed the foregoing document using the CM/ECF system. Service was accomplished by the CM/ECF system.

Dated: October 19, 2026

Respectfully submitted,

*/s/ Michael B. Schon*
Michael B. Schon